This is an appeal from an order granting summary judgment in favor of the plaintiff in a breach of contract case. We reverse.
Plaintiff/appellee Systems Fuel, Inc. entered into a written contract with Thomas W. Turner whereby Systems Fuel was to drill a well, known as the Bertha Donaldson well, in Jefferson Davis County, Mississippi, for the purpose of searching for oil. Under the terms of the contract, Turner, along with several other investors, was to *Page 540 
pay a proportionate share of the drilling costs. The contract also provided as follows:
 "Each party shall have access to the Contract Area at all reasonable times, at its sole risk to inspect or observe operations, and shall have access at reasonable times to information pertaining to the development or operation thereof, including Operator's books and records relating thereto. Operator, upon request, shall furnish each of the other parties with copies of all forms or reports filed with governmental agencies, daily drilling reports, well logs, tank tables, daily gauge and run tickets and reports of stock on hand at the first of each month, and shall make available samples of any cores or cuttings taken from any well drilled on the Contract Area. The cost of gathering and furnishing information to Non-Operator, other than that specified above, shall be charged to the Non-Operator that requests the information.
 "If, in Operator's judgment, the well will not produce oil or gas in paying quantities, and it wishes to plug and abandon the well as a dry hole, it shall first secure the consent of all parties and shall plug and abandon same as provided in Article VI.E.1. hereof." (Emphasis added.)
Article VI.E.1, referred to above, provided as follows:
 "Abandonment of Dry Holes: Except for any well drilled pursuant to Article VI.B.2., any well which has been drilled under the terms of this agreement and is proposed to be completed as a dry hole shall not be plugged and abandoned without the consent of all parties. Should Operator, after diligent effort, be unable to contact any party, or should any party fail to reply within forty-eight (48) hours (exclusive of Saturday, Sunday or legal holidays) after receipt of notice of the proposal to plug and abandon such well, such party shall be deemed to have consented to the proposed abandonment. All such wells shall be plugged and abandoned in accordance with applicable regulations and at the cost, risk and expense of the parties who participated in the cost of drilling of such well. Any party who objects to the plugging and abandoning such well shall have the right to take over the well and conduct further operations in search of oil and/or gas subject to the provisions of Article VI.B." (Emphasis added.)
On September 21, 1983, Systems Fuel filed an amended complaint in the Circuit Court of Mobile County, alleging the existence of the contract between it and Turner, that it had "duly performed all the terms and conditions" of the contract, but that Turner had failed to pay his proportionate share of the costs incurred, $12,473.01. Turner answered, and Systems Fuel moved for summary judgment, supported by a copy of the contract and the affidavit of Joseph O. Meade, the manager of drilling and production for Systems Fuel. The affidavit again averred the existence of the contract, that Systems Fuel had "duly performed all the terms and conditions" of that contract, that Turner had failed to pay the $12,473.01 he owed under the contract, and that Turner was liable to Systems Fuel for payment of that amount, plus interest at the agreed upon rate, 10% per annum, and reasonable attorney's fees.
In opposition to Systems Fuel's motion, Turner submitted the following affidavit:
 "AFFIDAVIT IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED BY PLAINTIFF
"STATE OF ALABAMA COUNTY OF BALDWIN
 "Thomas W. Turner, Jr., who being first duly sworn deposes and says the following:
 "1. I am the Defendant in the above-entitled action. I am fully competent to make this affidavit.
 "2. In July 1983, I was served with a complaint in the above entitled action which has been commenced in the Circuit Court of Mobile County, Alabama. In September, 1983, the Plaintiff amended its complaint alleging that I owed monies *Page 541 
for my proportionate share of the drilling and completion costs of the Bertha Donaldson Well located in Section 36, Township 8 North, Range 20 West, Jefferson Davis County, Mississippi.
 "3. By the complaint, Plaintiff alleges that it has duly performed its obligations under the Operating Agreement. I was never contacted concerning the plugging and abandonment of the well nor was my consent to such plugging ever obtained as required by Article VI A. and Article VI E.1. of said Operating Agreement.
 "4. I was never provided with any geological information or well test data which would have allowed me to make an intelligent decision regarding the completion attempt on said well. Systems Fuels, Inc., [sic] breached its obligations to me under the Operating Agreement by not providing me such information to allow me to make an informed decision regarding the completion of said well and thereby breached the Operating Agreement.
 "5. I do not owe any monies to Plaintiff for it has failed to fulfill its obligations under the Operating Agreement in drilling and completion of the Bertha Donaldson Well.
 "6. All of the statements made herein are within my personal knowledge, are true and correct, and are made to request that the Court deny the motion for summary judgment made by Plaintiff, System Fuels, Inc., [sic] in the above-entitled action.
"/s/ Thomas W. Turner, Jr.
Thomas W. Turner, Jr."
On September 5, 1984, Systems Fuel's motion for summary judgment was granted, the trial court ordering Turner to pay a total judgment, including interest and attorney's fees, of $25,384.94, plus costs. Turner appealed here.
The sole issue before us is whether the trial court erred in granting Systems Fuel's motion for summary judgment. This Court finds that it did.
As this Court has often stated, summary judgment should be granted only when, after viewing the evidence in a light most favorable to the non-moving party, it appears that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, A.R.Civ.P.;Silk v. Merrill Lynch, Pierce, Fenner Smith, Inc.,437 So.2d 112 (Ala. 1983). If there is a scintilla of evidence supporting the position of the non-movant, summary judgment cannot be granted. Hale v. City of Tuscaloosa, 449 So.2d 1243 (Ala. 1984); Murphree v. Alabama Farm Bureau Insurance Co.,449 So.2d 1218 (Ala. 1984).
Once a motion for summary judgment is made and supported, as required by Rule 56 (e), Ala.R.Civ.P., the motion is to be granted unless the non-movant makes an evidentiary or factual showing in opposition to show that there is a genuine issue of fact present. Butler v. Michigan Mutual Insurance Co.,402 So.2d 949 (Ala. 1981). The non-movant cannot make such a showing by resting on his pleadings but, generally, must present a genuine issue of fact by way of opposing affidavit.Id. at 952; Eason v. Middleton, 398 So.2d 245 (Ala. 1981).
An opposing affidavit must be made on personal knowledge, must set forth facts to show the admissibility of the evidence, and must contradict the evidence presented by the movant showing that no issue of material fact exists. Butler, supra, at 952. If the evidence contained in the opposing affidavit does not contradict that presented by the movant, the trial court has no alternative but to consider the movant's evidence as uncontroverted and enter summary judgment in the movant's favor. Id. at 953.
In determining whether summary judgment was properly granted, the trial court must view the motion in a light most favorable to the non-movant. Ryan v. Charles Townsend Ford, Inc.,409 So.2d 784 (Ala. 1981). In reviewing the propriety of a summary judgment, this Court is limited *Page 542 
to reviewing the same factors, the same evidence, considered by the trial court when it granted the motion. PrudentialInsurance Co. v. Coleman, 428 So.2d 593 (Ala. 1983). After looking at the evidence before the trial court when it granted the present motion, Systems Fuel's motion itself, the affidavit of Mr. Meade, and Turner's response and opposing affidavit, this Court finds that summary judgment was improperly granted.
The contract provided that "the consent of all parties" should be obtained before plugging and abandoning the well, and it also provided that the duty to secure the parties' consent was controlled by Article VI E.1 of the contract. This article specifically provided that if a diligent effort to contact any party was unsuccessful, the well could be plugged and abandoned without that party's consent. Meade stated, under oath, that Systems Fuel had "duly performed" all the terms and conditions of the contract, and had made a diligent, but unsuccessful, effort to contact Turner. These assertions are conclusionary in nature, and were contradicted in this case. See, also, Belknapv. Texas Employers' Insurance Association, 556 S.W.2d 587, 588
(Tex.Civ.App. 1977), for a statement that conclusions, unsupported by facts, do not meet the requirements of the summary judgment rule.
Turner's answer and opposing affidavit were, therefore, sufficient to present at least a scintilla of evidence on the question of Systems Fuel's performance and whether it was, in fact, "diligent" in getting notice to Turner and whether Turner had, in fact, breached the contract.
We hold, therefore, that Systems Fuel failed to sustain its burden of showing that there was no genuine issue as to any material fact in the case. The judgment of the trial court, therefore, is due to be reversed and the cause remanded for a trial.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.