This is an appeal from an order granting summary judgment in favor of plaintiff in a breach of contract case.
In January 1985, Eagle Sales and Manufacturing, Inc. (Eagle), by and through its officer, Billy F. Johnston, Sr., executed and delivered a promissory note to Central Bank of the South. The corporation defaulted on the note leaving a balance owed to the plaintiff of $5,000.00. In addition, a check dated August 30, 1985 from Tri-State Wholesale in the amount of $1,958.00 was deposited into the checking account of Eagle, whose checking account was with plaintiff bank. The check was returned unpaid due to either insufficient funds or a stop-payment order — the record is unclear on this point. In any case, the check amount was charged to the loan balance. In April 1984, defendant had executed and delivered to plaintiff an unlimited continuing guaranty providing that he would be liable for all indebtedness of Eagle corporation. Indebtedness was defined in the agreement to include:
 "all advances, debts, obligations and liabilities of borrowers or any one or more of them, heretofore, now, or hereafter existing, made, incurred, or created, whether voluntary or involuntary and however arising, whether due or not due, absolute or contingent, liquidated or unliquidated, determined or undetermined, not limited to but including principal, interest, cost of collection, attorney's fees and all other lawful charges, and whether borrowers may be liable individually or jointly with others, or whether recovery upon such indebtedness may be or hereafter become barred by any statute of limitations, or whether such indebtedness may be now or hereafter become otherwise unenforceable."
The plaintiff filed suit against the defendant for the $5,000.00 balance owed on the promissory note, the $1,958.00 returned check, and interest in the amount of $536.26. After the defendant filed his answer, Central Bank filed a motion for summary judgment. Summary judgment was entered in favor of the plaintiff in August 1986. From the court's order defendant appeals and we affirm.
For a summary judgment to be properly granted, the pleadings and affidavits must establish no scintilla of evidence which raises a genuine issue as to any material fact and the moving party must be entitled to judgment as a matter of law.Houston v. McClure, 425 So.2d 1114 (Ala. 1983). In a breach of contract action, summary judgment is appropriate only where the contract is unambiguous and the facts are undisputed.P S Business, Inc. v. South Central Bell TelephoneCo., 466 So.2d 928 (Ala. 1985). In our review of a trial court's grant of summary judgment, we must use the same standard as that used by the court below. Henderson v.Hanson, 414 So.2d 971 (Ala.Civ.App. 1982).
The appellant contends that summary judgment should not have been granted as he produced the necessary scintilla of evidence to establish that there existed a question of fact which would necessitate the case going to a jury. However, the nonmoving party cannot make a showing of a genuine issue of fact by resting on his pleadings alone. He must generally present a genuine issue of fact by opposing affidavit. Turner v.Systems Fuel, Inc., *Page 1239 475 So.2d 539 (Ala. 1985). That affidavit must be made on personal knowledge, must set forth facts to show the admissibility of the evidence, and must contradict the evidence presented by the movant showing that no issue of material fact exists. If the evidence contained in the opposing affidavit does not contradict that presented by the moving party the trial court must view the evidence as uncontroverted and enter summary judgment. Turner, supra.
In this case, the affidavit submitted by the party opposing summary judgment did not meet the requirements of Rule 56, A.R.Civ.P. The affidavit was by the defendant's attorney who alleged only that there were questions concerning the handling of the check involved and whether that check fell under the personal guaranty. The affidavit is not based on personal knowledge and sets forth no facts showing that any evidence would be admissible as testimony to contradict the evidence of the plaintiff. If evidence contained in the affidavit opposing summary judgment does not contradict that presented by movant, the court has no alternative but to consider movant's evidence uncontroverted and grant the motion for summary judgment.Turner, supra.
We have considered the appellant's contention despite the fact that no authority was cited for such contention. However, the mere insistence of trial court error without mention of authority does not amount to an argument. Blair v. YorkEngineering Co., 380 So.2d 878 (Ala.Civ.App. 1980); Rule 28, A.R.A.P.
The decision of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.