ROBERT P. BRADLEY, Retired Appellate Judge.
This appeal is from a summary judgment for the defendants.
On May 3, 1982 John C. Wright filed an action against Schwerman Trucking Company and Roy C. Collier, seeking $10,000 damages for breach of a sales agreement. On September 21, 1988 defendants filed a motion for summary judgment. After a hearing, the trial court on May 26, 1989 granted summary judgment for the defendants.
The facts show that on February 17, 1979 Wright went to Schwerman Trucking in Birmingham, Alabama and talked to Roy Collier, Schwerman’s terminal manager, about the purchase of a used 1971 White model truck. After some haggling, Collier offered to sell the truck to Wright for $6,200. Wright accepted the offer and gave Collier a cashier’s check in the amount of $500. Some equiprrient had to be taken off the truck and Wright stated he would return later to get the truck and pay the balance of $5,700. Before the transaction could be completed, Schwer-man’s home office informed Collier that the truck could not be sold. When Wright attempted to take possession of the truck, he was informed that the sale could not be completed. The $500 check has never been cashed.
Wright argues that summary judgment was improper not only because there is a jury question as to damages but also because there is a jury question as to whether there was an agreement and breach thereof.
The requirements for summary judgment in this case are to be found in Rule 56, Alabama Rules of Civil Procedure, rather than § 12-21-12, Ala.Code 1975, because this civil action was pending on June 11, 1987.
For a summary judgment to be properly granted, the pleadings and affidavits must establish no scintilla of evidence which raises a genuine issue as to any material fact, and the moving party must be entitled to judgment as a matter of law. Johnston v. Central Bank, 501 So.2d 1237 (Ala.Civ.App.1987).
In a breach of contract action, summary judgment is appropriate only when the contract is unambiguous and the facts are undisputed. Johnston v. Central Bank, 501 So.2d 1237.
*1120 Wright argues that there was a contract for him to buy the truck in question, and Schwerman and Collier say there was no contract.
Generally, a contract exists if there is an agreement with consideration between two or more contracting parties with legal capacity and a legal object. Gray v. Reynolds, 514 So.2d 973 (Ala.1987). Moreover, an offer alone does not create a contract and the offeror can revoke the offer before it is accepted. Alexander v. Alabama State Tenure Comm’n, 358 So.2d 1032 (Ala.Civ.App.1978).
As stated above, Wright offered to buy the truck for $6,200. He then tendered a cashier’s check for $500 and said he would return in a few days to pay the remaining $5,700 of the purchase price. Before he could do so, Collier withdrew the offer to sell the truck.
The question posed to the trial court at this point was whether the withdrawal of the offer to sell came before or after acceptance of the offer by Wright.
In a factually similar case, Klein v. PepsiCo, Inc., 845 F.2d 76 (4th Cir.1988), the United States Court of Appeals held that a contract had been created for the sale of a corporate jet aircraft to Universal Jet Sales, Inc. (UJS) by PepsiCo, Inc. (PepsiCo) for resale to Eugene Klein. In March 1986 Klein began looking for a Gulfstream G-II corporate jet to buy. After inquiry Klein learned that PepsiCo had a G-II for sale. Klein inspected the plane and gave $200,-000 as a down payment on it. The first offer was for $4,400,000. The offer was subject to a factory inspection. There was a counteroffer by PepsiCo of $4,700,000. After negotiation both parties agreed to a purchase price of $4,600,000. Before the transaction could be completed, PepsiCo withdrew its offer to sell the aircraft. Klein demanded delivery of the aircraft, and the demand was refused by PepsiCo.
The appeals court and the trial court held that a contract existed between the parties for the sale of the aircraft after the parties agreed upon a price of $4,600,000. The court then said that PepsiCo’s refusal to deliver the aircraft constituted a breach of the agreement for which damages could be awarded.
Whether a contract has been created and whether there has been a breach thereof are matters to be resolved by the trier of fact. Clayton v. Simpson, 346 So.2d 457 (Ala.Civ.App.1977).
Rule 56, A.R.Civ.P., provides that a motion for summary judgment cannot be granted if there is a genuine issue of material fact to be decided. Further, if there is a scintilla of evidence supporting the party against whom the motion is made, summary judgment cannot be granted. Newton v. Creative Dining Food Sys., Inc., 492 So.2d 1011 (Ala.1986).
As noted above, there is a genuine issue of material fact, i.e. whether a contract was created in the case at bar and whether that contract was breached, to be decided by the trier of fact. This being the case, the trial court erred by awarding a summary judgment to the defendants.
Our decision to reverse the summary judgment because of an issue of material fact as to the existence of a contract obviates any need to address the issue of damages raised by plaintiff in brief.
We also note that, should the trier of fact determine that a contract was formed and that it was breached by a party, the nonbreaching party would be entitled to at least nominal damages. Williams v. Citizens Bank, 350 So.2d 1031 (Ala.1977).
The summary judgment is reversed and the cause remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.