This case comes to us on an appeal from a summary judgment entered by the trial court. Consequently, we must determine the appropriateness of that order under the "substantial evidence" rule. § 12-21-12, Code 1975 (1987 Cum.Supp.).
Pursuant to 1987 Ala. Acts 184, now § 12-21-12, the scintilla rule was abolished and replaced on June 11, 1987, by the "substantial evidence" rule. This case, having been filed after the effective date of the new act, is governed by the new rule.
We note that this change did not alter the procedure concerning the burden of proof on a motion for summary judgment. It simply increased the burden of the nonmovant.
In other words, a Rule 56, Alabama Rules of Civil Procedure, motion for summary judgment requires that the movant establish that no genuine issue of material fact exists, at which time the burden of proof shifts to the nonmovant, who must then establish "substantial evidence" supporting his position.Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala. 1989).
Here, Atkinson's complaint against her employer asserted that she was not paid real estate commissions pursuant to her contract with her employer and that her employer committed fraud with regard to certain insurance coverage paid for by Atkinson.
The trial court granted summary judgment in favor of the employer on both counts. We affirm.
When we review the propriety of a summary judgment, this court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Motes v. Matthews, 497 So.2d 1121 (Ala. 1986).
The first count on which summary judgment was granted was a breach of contract action. Summary judgment is proper in breach of contract cases only if the contract is unambiguous and the facts are undisputed. Johnston v. Central Bank, 501 So.2d 1237
(Ala.Civ.App. 1987).
The alleged contractual breach between the parties regarded commissions due to Atkinson for sales contracts that were to close after her termination. Specifically, Atkinson maintains that she was entitled to the full commission normally due an agent on houses that closed after her termination.
However, the employer asserts that Atkinson is due only 1/2 her normal commission. The language the employer relies on to provide this contract term is found in an "employee policy manual."
The pertinent manual language is as follows:
"TERMINATION
". . . .
 "Pending Sales to be Closed: In the event a sales associate has sales contracts to be closed after termination, another sales associate will be assigned by the manager to follow through on completing the transaction, and the terminating sales associate will receive one half (1/2) the normal commission less outstanding expenses when the transaction closes." (Emphasis added.)
In Hoffman-LaRoche, Inc. v. Campbell, 512 So.2d 725 (Ala. 1987), the supreme court determined that "the language contained in a handbook can be sufficient to constitute an offer to create a binding unilateral contract." (Emphasis added.)
Specifically, the court held:
 "The existence of such a contract is determined by applying the following analysis to the facts of each case: First, the language contained in the handbook must be examined to see if it is specific enough to constitute an offer.
 Second, the offer must have been communicated to the employee by issuance of the handbook, or otherwise. Third, the employee must have accepted the offer by retaining employment after he had become generally aware of the offer. *Page 57 
His actual performance supplies the necessary consideration."
We have set out the pertinent language from the manual and find that it is clear enough to constitute an offer to the employee. Likewise, we find no ambiguity in its provisions. Any of the employer's agents should have no difficulty understanding that commissions for pending sales, to be closed after an agent's termination, are reduced to 1/2 the normal commission.
Further, the record evidence is clear that Atkinson received the handbook and rate schedule. In fact, she signed a statement averring: "I have read the Century 21 Academy Realty Policy Manual, understand it completely, and agree to comply with its contents." The statement is dated April 4, 1988, and Atkinson was not terminated until May. Thus, she clearly retained employment after the offer was communicated to her. In view of our finding these facts to be uncontroverted and the contract provision unambiguous, we affirm the summary judgment on the contract claim. Johnston, supra.
Now we turn to the fraud count. On appeal, Atkinson alleges that summary judgment was improper on this count because of evidence suggesting fraud by the employer. Specifically, she asserted that the employer committed fraud by making misrepresentations about the applicability of errors and omissions coverage in insurance purchased by the employee at the employer's request. Atkinson argues that the employer knew the insurance did not cover her but that the employer continued to require premium payment, which implied coverage. In short, Atkinson appears to be relying on the provisions of § 6-5-102, Code 1975, and/or § 6-5-104, Code 1975, to assert a claim of fraudulent concealment by the employer.
The employer asserts in his affidavit that Atkinson "might not have been covered under the errors and omissions policy. . . ." However, the employer also states that he believes Atkinson was covered, as his agent, because the employer believes he himself, as principal, was covered.
Summary judgment is proper only where, as a matter of law, the moving party is entitled to judgment. "As a matter of law, one can only be liable for concealing facts of which one has knowledge." Harrell v. Dodson, 398 So.2d 272 (Ala. 1981). The employer's affidavit clearly states that he has no knowledge as to whether Atkinson was or was not covered by the policy. Thus, because employer has presented evidence suggesting that he is not aware that Atkinson is not covered by the errors and omission insurance, he cannot be found to have fraudulently concealed Atkinson's noncoverage. However, if Atkinson presented substantial evidence that would support her position that employer did know she was not covered and concealed that fact, then summary judgment in favor of employer was improper.Bass, supra.
We find Atkinson did not meet her burden of proof. In fact, Atkinson stated that a meeting was held to explain the errors and omissions coverage but that she did not attend because she was unaware of the meeting. However, she failed to establish that the meeting was deliberately concealed from her. Further, her deposition testimony concerning noncoverage was only that if a suit resulted due to an error or omission, she felt like
she would not be covered. We find a lack of substantial evidence to demonstrate the employer's fraudulent concealment of noncoverage. In fact, except for Atkinson's own assertions of noncoverage, we cannot deduce from the record that it was even ever established that the closings are not covered. Summary judgment on the fraud count was proper.
Finally, employer, in his cross appeal, points out that he made an A.R.Civ.P., Rule 68, offer of judgment prior to the trial court's grant of summary judgment. Pursuant to Rule 68, "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." (Emphasis added.) Here, employer's offer was for $1000. Atkinson's judgment was for $138. Certainly, the judgment *Page 58 
was not more favorable than the offer, and the language of the rule is mandatory.
Thus, we reverse and remand to the trial court with directions that costs incurred after the offer be assessed against Atkinson.
The employer also argues in his cross appeal that the "costs" referred to in Rule 68 include attorney fees and that he should likewise be awarded said fees. We disagree.
"In this state, attorneys' fees are recoverable 'only where authorized by statute, when provided in a contract or in an equitable proceeding where the efforts of an attorney create a fund out of which fees may be paid.' " Shelby County Commissionv. Smith, 372 So.2d 1092 (Ala. 1979). (Citations omitted.) This case presents none of these above mentioned situations.
We do note our recent case of Hudson v. Hudson,555 So.2d 1084 (Ala.Civ.App. 1989), in which this court awarded attorneys' fees to the appellee in a proceeding on a supersedeas bond. That case is distinguishable from the one before us in that there the language of the bond, which required payment of "costs of appeal," was interpreted to require by its terms payment of attorney fees. Here we have no similar agreement, and the employer's request for attorneys' fees is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.