SHORES, Justice.
Because we find that neither the complaint nor the record demonstrates the existence of any material fact over which there is a genuine dispute that would necessitate resolution by a jury, we affirm the summary judgment, on the authority of Rule 56, A.R.Civ.P. That rule sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981). Rule 56 is read in conjunction with the “substantial evidence rule” (§ 12-21-12, Code 1975), for actions filed after June 11, 1987. See Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). On a motion for summary judgment, when the movant makes a prima facie showing that no genuine issue of material fact exists, as in the present case, the burden shifts to the non-movant to present “substantial evidence” in support of his position. Bean v. Craig, 557 So.2d 1249, 1252 (Ala.1990). Because Thompson failed to present such “substantial evidence,” the trial court correctly entered the summary judgment.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.