STEAGALL, Justice.
David M. Williams, Jr., died when the truck he was riding in crashed into a guard rail located on property owned by M. Kim-erling & Sons, Inc. (hereinafter “Kimer-ling”). Joan J. Williams, as administratrix of his estate, sued Kimerling, alleging that it had acted negligently in locating, designing, erecting, and maintaining the guard rail and therefore was liable for her son’s death. Kimerling filed a motion for summary judgment, which the trial court granted. Williams appeals from the resulting judgment.
To support a motion for summary judgment, the movant must make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Thompson v. Real Estate Financing, Inc., 589 So.2d 722 (Ala.1991). The burden then shifts to the nonmovant to present substantial evidence creating such an issue of fact or to show that the movant is not entitled to a judgment as a matter of law. Thompson.
The following facts are undisputed: On March 3, 1991, at approximately 1:45 p.m., David Williams was riding in a truck operated by Christopher Gaines. The two were *273 traveling on a public road in Tarrant, a suburb of Birmingham, and reached the intersection of Vanderbilt Road and Coosa, Street. The road was slick because of rainy weather. For unknown reasons, the truck crossed the center line and the lane of oncoming traffic, left the street, and came onto Kimerling’s property; the truck then struck a guard rail and fence that had been erected on the area by Kimerling. Williams and Gaines died in the accident.
Kimerling supported its motion for summary judgment by evidence that the guard rail was painted bright yellow with horizontal black caution stripes, and by evidence that the intersection where the accident occurred was well lighted and that the guard rail was open and obvious to oncoming traffic.
In opposition to the summary judgment motion, Joan Williams presented no evidence to indicate that the guard rail was constructed in a negligent or wanton manner or that it was defective in any way. She presented no evidence that the guard rail was a hidden danger or that it was inherently dangerous and no evidence that the cause and manner of the accident were reasonably foreseeable to Kimerling. In short, the plaintiff’s theory of negligence was supported solely by her own allegations.
A properly supported motion for summary judgment will not be defeated by the bare argument or conjecture of the opposing party; rather, the opposing party must set out specific facts showing that there is a genuine issue for trial. Riggs v. Bell, 564 So.2d 882 (Ala.1990). Williams failed to present the evidence necessary to overcome Kimerling’s prima facie showing that there was no genuine issue of material fact.
The trial court properly granted the motion, and its judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, KENNEDY and INGRAM, JJ., concur.