ROBERTSON, Presiding Judge.
Loma Cambrón Light and Christopher B. Cambrón (the children), adult children of Louis Cambrón, deceased, appeal from a summary judgment entered in favor of the Employees’ Retirement System of Alabama (ERS) and Jeanette W. Cambrón, Louis Cambron’s ex-wife.
As an employee of Huntsville Utilities, Louis Cambrón participated in ERS from March 1967 until his death in September 1992. The records of ERS reflect that in April 1984 Louis Cambrón executed an ERS-Form 100 10/77, designating Jeanette Womack Cambrón, “whose relationship to me is that of Wife....”, as general beneficiary of his death benefits. He designated as contingent beneficiaries, Loma Cambrón (now Lorna Cambrón Light) and Christopher B. Cam-brón, his children from a previous marriage.
When Louis Cambrón executed the beneficiary designation form, § 36-27-16(c)(3), Ala. Code 1975, provided that ERS preretirement death benefits would go to the surviving spouse. However, in 1985 the legislature amended the section to allow ERS members to designate someone other than the surviving spouse to receive the death benefits. § 36-27-16(c)(3), Ala.Code 1975.
Louis Cambrón and Jeanette W. Cambrón were divorced in 1987. The judgment of divorce incorporated a separation agreement, which provided, in pertinent part, as follows:
“Each of the parties to this Separation Agreement by the execution of the same hereby irrevocably releases the other party from any and all claims for alimony or personal support, and each relinquishes all material and other rights in any property, whether the same be real, personal, or otherwise, now owned or which may be hereafter acquired by the other party, except as may be provided specifically within this Separation Agreement. Neither party to this Separation Agreement shall make any claim upon the other party for marital or nuptial rights other than as may be provided specifically by the covenants within this agreement.”
Louis Cambrón did not remarry, and he did not remove Jeanette W. Cambrón as the *582 primary beneficiary of Ms preretirement death benefits before Ms death on September 12, 1992.
On September 25,1992, the children filed a claim with ERS as the designated contingent beneficiaries, requesting disbursement of their father’s preretirement death benefits. Jeanette W. Cambrón filed a similar claim ■with ERS, asserting that she was the general beneficiary. Thereafter, the children filed a complaint in the Circmt Court of Madison County, seeking declaratory and injunctive relief against Jeanette W. Cambrón and ERS.
Both Jeanette W. Cambrón and ERS filed motions for summary judgment. The children filed a statement in opposition to the motions for summary judgment settmg out the facts m dispute. This statement was aecompamed by affidavits that contained the children’s assertions as to certam statements Loms Cambrón allegedly had made to them before his death. Jeanette W. Cambrón and ERS filed motions to strike the children’s affidavits, which the trial court granted. Following a hearing on the motions for summary judgment, the trial court entered summary judgment in favor of both Jeanette W. Cambrón and ERS.
The children appeal, contending that summary judgment was improper because certain clauses m the beneficiary designation form created an ambigmty, because a reasonable inference can be drawn from undisputed facts that Loms Cambrón mtended that his children receive his benefits, and because the separation agreement, incorporated into the divorce judgment, raises a strong inference that the designated beneficiary, as “wife” did not survive the divorce. The children also contend that the trial court erred in striMng the affidavits filed in opposition to the motions for summary judgment.
In reviewmg a trial court’s ruling on a motion for summary judgment, an appellate court must view the evidence m the same manner as the trial court. Turner v. Systems Fuel, Inc., 475 So.2d 539 (Ala.1985). A summary judgment is proper when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genmne issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), Ala.R.Civ.P. Furthermore, the burden is on thé one mov-Mg for a summary judgment to demonstrate that no genmne issue of material fact remains for a jury’s consideration. Schoen v. Gulledge, 481 So.2d 1094 (Ala.1985). Like the trial court, the appellate court views the evidence and resolves all reasonable doubts in favor of the nonmovant. Specialty Container Mfg., Inc. v. Rusken Packaging, Inc., 572 So.2d 403 (Ala.1990).
After reviewing the children’s statement in opposition to the motions for summary judgment and considering whether Loms Cambron’s designation of Jeanette W. Cambrón as general beneficiary remamed effective despite the separation agreement and divorce judgment, we find that there is a genmne issue of a material fact to be resolved and that Jeanette W. Cambrón and ERS were not entitled to a judgment as a matter of law. Schoen, supra. The judgment of the trial court is reversed and this cause is remanded for further proceedmgs.
REVERSED AND REMANDED.
THIGPEN, J., concurs.
YATES, J., not sittmg.