This is an appeal from an order denying an award of attorney fees.
Browning Ferris Industries ("BFI") sought to establish a waste transfer station on a piece of property that it owned in the Titusville community, in Birmingham, Alabama. The director of the Urban Planning Department of the City of Birmingham ("Planning Department") ruled that BFI's proposed use of the subject property complied with the City's zoning law and regulations and did not require approval of the Birmingham City Council.
The plaintiffs, six citizens who resided in the Titusville community, filed an application with the City of Birmingham Zoning Board of Adjustment ("Zoning Board"), seeking to appeal the ruling that the waste transfer station did not have to be approved by the City Council pursuant to a City ordinance requiring that certain uses, including "garbage, offal or dead animal reduction or dumping," be approved by the City Council.
Following a hearing, the Zoning Board voted to uphold the decision of the director of the Planning Department.
The plaintiffs then appealed to the Circuit Court of Jefferson County, naming the City of Birmingham, Mayor Richard Arrington, and the Zoning Board as defendants. They sought a judgment declaring that the chief planner for the Planning Department did not have the authority to interpret the City's zoning ordinance and that the City Council was required to approve BFI's occupancy and building permits regarding the subject property.
On July 1, 1993, BFI moved to intervene in the lawsuit, contending that it owned the property at issue and that its interests were not being adequately protected by the existing parties.
On September 3, 1993, Birmingham Mayor Richard Arrington moved to realign himself as a plaintiff.
On September 10, 1993, the trial court had a hearing on several pending motions. At that hearing, the Mayor's request to realign himself as a plaintiff was granted. Also, the City made an offer of judgment, pursuant to Rule 68, Ala.R.Civ.P., consenting to a judgment being entered against it, requiring the matter to be returned to the City Planning Commission and the City Council for further consideration.
The plaintiffs accepted the City's offer in open court. The trial court entered an order on September 13, 1993, returning the matter to the City for further consideration. On September 15, 1993, the plaintiffs filed a motion to alter or amend the judgment of the court to include an assessment of costs against the City and reasonable attorney fees.
Following a hearing on September 23, 1993, the trial court denied the plaintiffs' motion.
On appeal, the citizens contend that the trial court erred in not altering its judgment to include an award of attorney fees. They argue (1) that a prevailing plaintiff who accepts a Rule 68, Ala.R.Civ.P., offer of judgment against a defendant is entitled to have costs, including attorney fees, taxed against the defendant as a matter of law; and (2) that the trial court erred in not awarding attorney fees pursuant to the common benefit exception to the "American Rule" regarding awards of attorney fees. *Page 609 
Although the plaintiffs argue that they are entitled to attorney fees pursuant to Rule 68, they concede that the term "costs," as used in Rule 68, has been held not to include attorney fees. Atkinson v. Long, 559 So.2d 55 (Ala.Civ.App. 1990). They argue, however, that the rule set out in Atkinson
has been modified by Brown v. State, 565 So.2d 585 (Ala. 1990), and Bell v. The Birmingham News Co., 576 So.2d 669
(Ala.Civ.App. 1991), to include the award of attorney fees when the efforts of an attorney bestow a common benefit on the general public.
It is well settled that the decision to award or deny attorney fees is within the sound discretion of the trial court and that that decision will not be reversed absent an abuse of discretion. Advertiser Co. v. Auburn University, 579 So.2d 645
(Ala.Civ.App. 1991).
In awarding attorney fees, Alabama courts follow the "American Rule," which provides that fees may be recovered only where authorized by statute, when provided in a contract, or by special equity, such as where the efforts of an attorney create a fund from which fees may be paid. Reynolds v. First AlabamaBank of Montgomery, N.A., 471 So.2d 1238 (Ala. 1985). However, where litigation results in a benefit to the general public, or renders a public service, an award of attorney fees is justified, even if there is no common fund from which fees could be paid. Brown; Bell.
In Brown and Bell, the plaintiff's attorneys were awarded attorney fees after a determination that their efforts had bestowed a benefit on the general public in addition to serving the interests of their clients. In fact, the plaintiffs' attorneys in Brown were awarded fees even though they did not get the relief they had sought for their clients.
The plaintiffs in Brown were a class of people that had been convicted of various traffic offenses. They challenged the method that the State used in issuing a Uniform Traffic Ticket and Complaint (UTTC). The plaintiffs claimed that the State had adopted a practice of issuing a UTTC without having the issuing officer swear on oath to the charge or charges contained in the UTTC.
This practice directly violated § 32-5A-191, Ala. Code 1975. The trial court refused to overturn the convictions of the plaintiffs. On appeal, our Supreme Court upheld the trial court's refusal to overturn the convictions. However, our Supreme Court made it clear that there does not have to be a common pool of money from which to make an award of attorney fees.
 " 'The fact that this suit has not yet produced, and may never produce, a monetary recovery from which the fees could be paid does not preclude an award based on this rationale. Although the earliest cases recognizing a right to reimbursement involved litigation that had produced or preserved a "common fund" for the benefit of a group, nothing in these cases indicates that the suit must actually bring money into the court as a prerequisite to the court's power to order reimbursement of expenses.' "
Brown, supra, 565 So.2d at 592 (quoting Mills v. ElectricAuto-Lite Co., 396 U.S. 375, 391-93, 90 S.Ct. 616, 625-26,24 L.Ed.2d 593 (1970)).
As noted above, the award of attorney fees is discretionary, even when a common benefit is bestowed on the general public.Advertiser Co., supra. In this case, however, it appears that the trial court failed to exercise that discretion, because of an apparent belief that a common fund had to exist in order for it to award attorney fees. At the hearing on the plaintiffs' motion to alter or amend the judgment, the court stated:
 "The issue though is not whether you did a good job or whether they may have derived some benefit from it. The question is: Under those facts, should this Court award attorney fees on that basis? Because the reason I'm saying that is that there are any number of cases out there where if I were to use that kind of discretion, I would be awarding attorney fees in every other case."
The plaintiffs' attorneys later called the court's attention toBrown, to illustrate that attorney fees may be awarded even though there is no common fund. The following exchange took place: *Page 610 
 "Mr. Sullivan [plaintiffs' counsel]: That's what I'm getting to you about Brown. The Court, the Supreme Court, reversed that earlier decision and said there was no common trust fund because we are not going to require the repayment by the state back to these individuals. So there was no money, there was no pool.
"The Court: It was based on that.
 "Mr. Sullivan: There was no pool [of funds on which to attach a trust.] There was no money. So in essence, the Court says that you lost in a sense of relief that you sought.
 "The Court: But he awarded attorney's fees. Who paid it?
 "Mr. Sullivan: But they awarded attorney's fees until he loses it.
"The Court: Who paid it?
"Mr. Sullivan: The state paid it.
 "The Court: That's right. Now where did the money go that the fines and forfeitures and so forth went to start with? It didn't go to anybody but the state. Well, in some case I guess it was split with the municipalities. What I'm saying is he who got the benefit of the money paid it."
Based on the above exchange, it appears that the trial court was under the impression that it would be an abuse of its discretion to award attorney fees when the plaintiffs' efforts had not produced a common monetary fund. Based on our Supreme Court's rationale in Brown, we conclude that the mere fact that the plaintiffs' action did not create a fund from which a fee could be paid should not bar the trial court from awarding attorney fees. The trial court made no findings as to whether the efforts of the plaintiffs' attorneys resulted in a common benefit to the general public. We, therefore, remand this case to the Circuit Court of Jefferson County for it to determine whether the efforts of the plaintiffs' attorneys produced a common benefit and to consider the award of attorney fees. In addition, the plaintiffs are clearly entitled to their costs. Rule 68, Ala.R.Civ.P.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.