IVICTORY, Justice.*
In this direct civil appeal, we review the trial court’s finding that a provision of the Motor Vehicle Sales Finance Act (the “Act”), La. R.S. § 6:960(C), is unconstitutional.
FACTS AND PROCEDURAL HISTORY
The five plaintiffs in this case purchased automobiles from Golden Carriage Motor Car Company in Lafayette, Louisiana. These purchases were financed through Pioneer Finance (“Pioneer”), a licensed Louisiana sales finance company, which was the holder of the promissory notes issued by plaintiffs. In 1993, Pioneer assigned the notes to Vanguard Acceptance Corporation (“Vanguard”), a Colorado corporation.
At the time the notes were assigned to Vanguard, Vanguard did not have a license to engage in the business of a sales finance company[1] as required by La. |2R.S. *1353 § 6:952(B) which provides in part that “[n]o person shall engage in the business of a sales finance company in this state without a license required by this Chapter.” La. R.S. § 6:952(B) (1987). After learning of the licensing requirement, Vanguard obtained a license. A license fee for a sales finance company is $200.00 per year for the company’s principal place of business and $200.00 for each branch of the company maintained in Louisiana. La. R.S. § 6:952(D) (1987).
At the time that Vanguard was assigned the notes without the required license, penalties provided by § 6:960(0 were as follows:
C. Any seller or holder[2] who fails to timely purchase a license as herein provided may be ordered by the administrator to pay a penalty of fifty dollars in addition to the regular license fee herein provided, and any person who, without previously purchasing a license hereunder, engages in the business of seller or holder shall pay the buyer, in addition to paying to the administrator the regular license fee and penalties provided, a sum equal to two times the total interest, finance charge, documentary and any other charges originally computed and added to the principal amount financed, plus reasonable attorney’s fees to be determined by the administrator or, in event ofjgsuit, by the district judge before whom the case is tried, and in addition, said violator shall pay an additional penalty of one hundred dollars to the administrator for each such transaction made in violation of the provisions of this Chapter.
La. R.S. § 6:960 (1987)[3].
Upon discovering that Vanguard had been assigned hundreds of notes from Pioneer without a license, the Louisiana Motor Vehicle Commission (the “Commission”) imposed a $40,000 fine on Vanguard. Subsequently, the five plaintiffs filed suit in the 15th Judicial District Court seeking penalties and attorney fees under La.Rev.Stat. § 6:960(C).
Vanguard filed a motion for summary judgment alleging that the civil penalty provision of § 6:960(C), which provides penalties to the buyer, is unconstitutional. The trial court granted Vanguard’s motion, finding that La. R.S. § 6:960(C) is unconstitutional as violative of due process and an improper grant of judicial power to the executive branch because it does not provide any guidelines to prevent arbitrary or discriminatory enforcement by the administrator of the Commission. Pursuant to our grant of appellate review under Article V, § 5(D) of the Louisiana Constitution, we consider whether the trial court committed an error of law in holding that §- 6:960(C) is unconstitutional as violative of due process.
I4DISCUSSION
Our review of § 6:960(0 is limited as this is a civil suit for penalties between private parties, not a challenge of the administrator’s action of imposing the $40,000 in penalties. The private right of action is allegedly derived from the language in § 6:960(C) which provides that “... and any person who, with *1354 out previously purchasing a license hereunder, engages in the business of seller or holder shall pay the buyer [certain penalties].” However, the trial court did not hold this specific provision unconstitutional. Instead, the trial court found that the statute “grants unconstitutionally broad discretion to the [Commission] in that the administrator ‘may’ order the payment of a penalty of fifty dollars which triggers an additional mandatory civil penalty” payable to the buyer. The trial court found that because the administrator was given total discretion whether or not to impose the $50 fine for failure to timely purchase the license, the imposition of which would “trigger an additional mandatory civil penalty,” the statute was unconstitutional.
Fatal to the finding of unconstitutionality was the erroneous legal finding that the administrator’s imposition of the $50 fine triggers the mandatory civil penalties. To the contrary, the discretionary $50 fine is applicable to “[a]ny seller or holder who fails to timely purchase a license as herein provided” whereas the penalties payable to the buyer are applicable to “any person who, without previously purchasing a license hereunder, engages in the business of seller or holder.” La. R.S. § 6:960(C) (1987). A seller or holder may be required to pay the penalties payable to the buyer regardless of whether or not the administrator imposes the $50 fine, because the language of the statute clearly provides that any person who ^engages in the business of seller or holder without previously purchasing a license shall pay the specified penalties to the buyer.
Accordingly, because the administrator’s discretion in imposing the $50 penalty is not a prerequisite to the imposition of the penalties available to the buyer, and because the trial court’s finding of unconstitutionality is solely based on the administrator’s discretion in imposing the $50 fine, we reverse the finding of unconstitutionality by the trial court and remand this case to the trial court for further proceedings. The trial court may consider all other issues presented in Vanguard’s motion for summary judgment, including the other constitutional issues, about which we express no opinion.[4]
DECREE
For the reasons stated herein, the ruling of the trial court holding that La. R.S. § 6:960(C) is unconstitutional, on the grounds stated by the trial court, is reversed, and the case is remanded to the trial court for further proceedings.
RULING OF UNCONSTITUTIONALITY REVERSED AND CASE REMANDED.

 TRAYLOR, J., not on panel. Rule XV, §3.

 A “sales finance company” was defined in 1993 as follows:
a person engaged, in whole or in part, in the business of purchasing retail installment contracts from one or more retail sellers or in the business of lending money on promissory notes secured by liens on motor vehicles, where the proceeds of such loans are used to purchase, vest, or purchase and vest title in the buyer. The taking of the lien by a lender or any company, corporation, or association owned in whole or in part by the lender, within sixty days of the loan shall be conclusive proof that said loan was made within the scope of this Chapter and that said lender is, in fact, a sales finance company hereunder. The term includes, but is not limited to, a bank, trust company, or savings bank, if so engaged. The term also includes a retail seller engaged, in whole or in part, in the business of creating and holding retail installment contracts. The term does not include: (a) the pledgee of an aggregate number of such contracts to secure a bona fide loan thereon; (b) any finance company licensed under the Louisiana Small Loan Law on loans made within the scope of that *1353 law; (c) a duly licensed new car dealer which is not directly engaged in financing automobile sales; or (d) any federal or state chartered credit union.
La. R.S. § 6:951(9) (1985).

. Under La. R.S. § 6:951(10), " ‘[t]he holder’ of a retail installment contract means the retail seller under or subject to the contract or the assignee entitled to enforce a retail installment contract against a retail buyer." A "retail installment contract” was defined at the time of the assignments at issue as "an agreement, entered into in this state, pursuant to which a lien or mortgage upon the motor vehicle which is the subject matter of a retail installment transaction, is retained or taken within sixty days of the sale of such motor vehicle by a retail seller from a retail buyer as security, in whole or in part, for the buyer’s obligation.” La. R.S. § 6:951(5) (1985).

. In 1995, the penalty provisions of La. R.S. § 6:960 were substantively revised. Section C now provides:
[a]ny seller or holder who fails to timely purchase a license as herein provided may be ordered by the administrator to pay a penalty of fifty dollars in addition to the regular license fee herein provided. Any person who, without previously purchasing a license hereunder, engages in the business of seller or holder shall pay the administrator an additional penalty of one hundred dollars for each such transaction made in violation of the provisions of this Chapter plus reasonable attorney fees to be determined by the administrator.

. Although our appellate jurisdiction under Article V, § 5 of the Louisiana Constitution may extend to all issues involved in the civil action before us, we chose not to exercise our jurisdiction over issues not ruled on by the trial court. See Church Point Wholesale Beverage v. Tarver, 614 So.2d 697 (La.1993).