Henri N. Beaulieu, Jr., appeals from a summary judgment entered in favor of Wynfrey Hotel, Ltd., on his claims of breach of contract and promissory fraud. He appeals only as to the court of promissory fraud.
A summary judgment is properly entered if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56 (c)(3), Ala. R. Civ. P. When the moving party has made a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmoving party to produce substantial evidence in support of its position.Gray v. Liberty Nat'l Life Ins. Co., 623 So.2d 1156 *Page 84 
(Ala. 1993). "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989). In reviewing a summary judgment, we must view the evidence in the light most favorable to the nonmovant. Turner v. Systems Fuel, Inc., 475 So.2d 539
(Ala. 1985).
In March 1996, Beaulieu applied for a job as an electrician with the Wynfrey Hotel, in response to a classified advertisement he saw in the Birmingham News. A couple of days after Beaulieu completed an application and was interviewed, Arthur Mitchell, an employee in Wynfrey's human resources department, contacted Beaulieu and offered him the position, stating that his pay would be $10 an hour. Approximately one hour later, Mitchell telephoned again and told Beaulieu that he had not been authorized to offer $10 an hour, and that Beaulieu would have to come in the next day and discuss his salary. Beaulieu went to the Wynfrey the next day and met with Sandra Simon, the director of human resources. She informed Beaulieu that he could either start work immediately at an hourly wage of $8.00 for a two-week period, after which his pay would increase to $10.00 an hour, or he could wait two weeks and start at $10.00 an hour. Beaulieu chose to start immediately at $8.00.
Shortly after Beaulieu began working at the Wynfrey in March 1996, he spoke with Charlie Varallo, the chief engineer, about his wage. Varallo told him that his pay increase should be approved at the next meeting, in approximately a week. Varallo explained to him that the Wynfrey was in the process of reorganizing the maintenance department and that a salary increase for employees in the engineering department, which was Beaulieu's department, was part of the reorganization. Varallo had been hired to reorganize the maintenance department. Beaulieu also asked Doug Leedke, rooms division manager, about his pay increase, and Leedke told him they were working on it. For several months, Beaulieu repeatedly asked Varallo, Leedke, and others about the pay increase. Each time he asked, he was told that they were working on it, that it was imminent, or was given other answer s to that effect. Once, he was told by Larry Hollingsworth, the hotel manager, that the rate of pay had been approved and was awaiting the signature of Ralph Marconi, Wynfrey's CEO. Beaulieu was fired in August 1996, having never received his pay increase.
The Wynfrey does not dispute that the statements were made. However, it submitted the affidavits of Varallo and Leedke, in which they stated that they never made any misrepresentations to Beaulieu. The undisputed evidence shows that at the time the statements were made, the persons making them believed them to be true. The undisputed evidence also shows that the increase in salaries for employees in the engineering department was part of the reorganization of the maintenance department and was a part of the department's budget. The budget and reorganization plan had to be approved by Marconi, who continuously rejected the plans submitted by Varallo. Varallo stated in his affidavit that, based on statements made by Marconi, he believed the budgets would be approved. Yet, they were repeatedly rejected. The budget approving the salary increase was not approved until December 1996.
Beaulieu testified by deposition that he did not believe Varallo was lying to him. He said he did, however, believe that upper management was lying to Varallo and that those in upper management had never intended to approve the budget until the end of the year. Beaulieu also believes that Hollingsworth was lying to him when he said that the budget had been approved and was awaiting Marconi's signature.
To prove promissory fraud, the plaintiff must show: (1) that the defendant made a false representation of a material fact; (2) that the plaintiff relied upon the false representation; (3) that the plaintiff was damaged as a proximate result of the reliance; (4) that the representation was made with a present intent to deceive; and (5) that at the time the representation was made, the defendant intended not to perform as promised. Howard *Page 85 v. Wolff Broadcasting Corp., 611 So.2d 307 (Ala. 1992).
It is undisputed that misrepresentations were made to Beaulieu and that he relied on these misrepresentations. Assuming that he was damaged as a result of his reliance, Beaulieu has established three elements of his promissory fraud claim. However, the Wynfrey presented evidence indicating that the misrepresentations were not made with a present intent to deceive and that, when the misrepresentations were made, there was not an intent not to perform as promised. The Wynfrey submitted affidavits showing that Leedke and Varallo believed the statements when they were made. In fact, Beaulieu testified that he believed that Varallo was not lying when he made the statements. Beaulieu did not produce substantial evidence indicating that any Wynfrey employee made the statements with a present intent to deceive, or that any employee, at the time the statements were made, intended not to perform as promised. Although Beaulieu contends that Hollingsworth had a present intent to deceive when he told him the budget had been approved and was awaiting Marconi's signature, he presented no evidence to support this contention. Furthermore, the undisputed evidence shows that numerous budgets were prepared and rejected by Marconi. There is no evidence that the budget referred to by Hollingsworth was not one of the many that Marconi rejected. The only evidence that Beaulieu has to indicate that any employee had an intent not to perform is the fact that he did not receive a pay increase. However, a failure to fulfill the promised act is not sufficient evidence to allow the promissory claim to he presented to the jury. National Sec.Ins. Co. v. Donaldson, 664 So.2d 871 (Ala. 1995).
We do not doubt that Beaulieu was frustrated and angered by the repeated unfulfilled promises of a pay raise. However, he did not present substantial evidence to defeat the Wynfrey's properly supported motion for a summary judgment. Therefore, the trial court properly entered the summary judgment.
AFFIRMED.
YATES and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and THOMPSON, J., concur in the result.