PER CURIAM.
John Wetterhan and Pierre Gramlich, former executives with Vesta Insurance Group, Inc., sued Vesta, alleging that the company had breached certain stock-option agreements and had committed fraud by refusing to allow them to exercise stock-purchase options after they had ended their employment with Vesta. Vesta answered, claiming that the two men had voluntarily left Vesta in exchange for a negotiated severance package that includ *431 ed a “Settlement Agreement and General Release.”
Vesta moved for a summary judgment, based upon the Settlement Agreement and General Release signed by each of the plaintiffs. The trial judge granted the motion and entered this order:

“Summary Judgment

“This cause came on to be heard upon the ‘Defendant Vesta Insurance Group, Ine.’s Motion for Summary Judgment’ filed on November 16,1999.
“After reviewing the materials submitted to it, and considering arguments of counsel, the court finds that the Plaintiffs negotiated a termination package with the Defendant and that they therefore were not ‘terminated with cause’ or ‘terminated without cause’ as those terms are used in the stock option documents. Since these negotiated termination agreements did not authorize the exercise of the stock option, and since both Plaintiffs were represented by counsel during the negotiations of the agreements, the court finds that the ‘Defendant Vesta Insurance Group, Ine.’s motion for Summary Judgment’ filed November 16, 1999, is due to be granted.
“It is therefore, ORDERED, ADJUDGED, and DECREED by the Court as follows:
“ONE: The ‘Defendant Vesta Insurance Group, Inc.’s Motion for Summary Judgment’ is granted and judgment is hereby rendered in favor of Vesta Insurance Group, Inc. and against John C. Wetterhan and Pierre Gramlich.
“TWO: Costs of this action are taxed to the Plaintiffs.
“DONE and ORDERED this 6th day of January, 2000.
7s/ Jack D. Carl
“Circuit Judge”
Rule 66, Ala. R. Civ. P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981). In order to defeat a properly supported motion for summary judgment, the plaintiff must present “substantial evidence”, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The plaintiffs argue that the evidence created a genuine issue of material fact as to whether the plaintiffs were terminated without cause and, thus, whether they met the conditions necessary to exercise their stock options under their respective stock-option agreements. The plaintiffs testified that they told Norman Gayle, Vesta’s chief executive officer, that they were not resigning from their employment and that they discussed with Gayle their decision not to resign — they said they told him they were not resigning, because they intended to exercise their stock options. Gramlich testified that Gayle entered into an oral agreement whereby he promised that the termination of Gramlich’s employment with Vesta would be considered a termination without cause and would not affect Gramlich’s right to exercise his stock options. Wetterhan testified that he *432 told Gayle he would not resign and that Gayle did not dispute Wetterhan’s assertion that he would not resign. Wetterhan claims that he sent Gayle a memorandum confirming his intent not to resign.
It is undisputed that the plaintiffs could exercise their stock options only if they were terminated without cause. There is a material dispute as to whether they voluntarily ended their employment before the stock options became exercisable. Vesta argues that it did not terminate the plaintiffs’ employment. Vesta contends that Wetterhan announced that he was leaving because he was unhappy with his job and had negotiated a severance package. Vesta states that it refused Wetter-han’s request that his departure be treated as a “termination without cause.” Vesta further argues that Gramlich left Vesta, stating that he was accepting another job to be closer to his family.
The Settlement Agreement and General Release the plaintiffs signed provided them with a year’s salary and with title to the company car they had used. The agreement contained no language indicating whether the plaintiffs were being terminated “with” or “without” cause. Nor does the agreement address whether the plaintiffs could exercise their stock options. It does state, in part:
“I acknowledge that any other benefits I have received such as grants of restricted stock and stock options shall be governed by the terms and conditions of the benefit or plan documents.”
Being terminated without cause was a condition to the plaintiffs’ being allowed to exercise their stock options. The evidence puts in dispute the question whether the plaintiffs were terminated without cause. The plaintiffs presented substantial evidence to defeat Vesta’s motion for summary judgment. Consequently, the summary judgment in favor of Vesta is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.