HOUSTON, Justice.
In Wetterhan v. Vesta Insurance Group, Inc., 797 So.2d 430, 432 (Ala.2001), this Court reversed a summary judgment for Vesta and remanded the case, writing:
“Being terminated without cause was a condition to [Wetterhan’s] -being allowed to exercise [his] stock options. The evidence puts in dispute the question whether [Wetterhan was] terminated without cause. [Wetterhan] presented substantial evidence to defeat Vesta’s motion for summary judgment. Consequently, the summary judgment in favor of Vesta is reversed and this cause is remanded for further proceedings consistent with this opinion.”
The trial court properly interpreted our reversal of the summary judgment as being limited to John Wetterhan’s breach-of-contract claim.[1]
The trial court, on remand, conducted a four-day trial, three days of which were devoted to witness testimony. At the conclusion of the third day, the trial court held a charge conference; at that conference a special interrogatory, which the trial court announced it would give to the jury, was discussed. Wetterhan did not object to this special interrogatory at the charge conference, but he stated to the court: “I think Your Honor just correctly stated the issue in the special interrogatories referring to terminated without cause.... I just think the Court has correctly phrased the issue in the interrogatories when asked in terms of terminating without cause.” The day after the charge conference, the parties presented their arguments regarding the special interrogatory to the jury, and the trial court thoroughly instructed the jury on the special interrogatory. After the jury retired to begin its deliberations, the following transpired:
“Plaintiff’s Counsel: ... Plaintiff objects to the charge, the repeated charge, that the jury must find that Wetterhan was terminated in order for him to recover. And we also, in light of the jury’s [sic] charge, object to the post-special interrogatory form for the reasons I will now state.
“The Court: Now, counsel, you had those and you did not object to them beforehand to let me rule on the objection.”
The plaintiffs attorney argued and the parties made other objections to the court’s charge to the jury. The following then transpired:
“Plaintiffs Counsel: Judge, I specially do not waive an objection to the special interrogatory. I want to make clear that specifically—
“The Court: ... You had the interrogatory in front of you. You did not raise an objection at that point. The purpose of raising the objection at that point is to give the trial judge the oppor *570 tunity to rule upon it. You didn’t do that. And by not waiving [sic] by a matter of law you did waive it. All right. That’s it. You’ve got your objections on the record. Let’s go off, and that’s the end of it.”
Rule 49(c), Ala. R. Civ. P., provides, in pertinent part:
“The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict.”
The trial court submitted the special interrogatory to comply with the mandate of this Court.
In Wetterhan, this Court held: “The evidence puts in dispute the question whether [Wetterhan was] terminated without cause.” 797 So.2d at 432. The special interrogatory addressed that specific factual issue:

“SPECIAL INTERROGATORY

‘You are hereby directed to answer the following question after you have fully considered all of the evidence relating to your answer and the applicable rules of law as explained to you by the Court.
“QUESTION: Was the Plaintiff, John C. Wetterhan, ‘terminated without cause’ as that term is used in the stock option plans so that he is entitled to exercise stock options which were not vested on the date of his termination?
“ANSWER:
“_ 1. Plaintiff, John C. Wet-terhan, was ‘terminated without cause’ by his employer and he may exercise the stock options.
“_ 2. Plaintiff, John C. Wet-terhan, was not ‘terminated without cause’ by his employer and he may not exercise the stock options.”
Rule 49(d), Ala. R. Civ. P., provides:
“In no event shall the procedures of subdivision (b) or (c) of this rule be utilized unless the court, within a reasonable time before final arguments are made to the jury, provides to the attorneys for all parties a copy of the written questions or interrogatories, as the case may be, to be submitted to the jury.”
The court provided Wetterhan’s attorney a copy of the special interrogatory the day before the parties made their closing arguments, and the parties argued in regard to this interrogatory.
The trial court did not err in holding that Wetterhan had waived any objection he had to submitting the special interrogatory to the jury. See Rule 51, Ala R. Civ. P.; Norfolk Southern Ry. v. Bradley, 772 So.2d 1147, 1153 (Ala.2000).
The jury found that Wetterhan was not terminated without cause by his employer; therefore, Wetterhan could not exercise the stock options. There was substantial evidence to support this finding, and this finding was not contrary to the great weight of the evidence.
This Court has considered the other issues presented by Wetterhan and has found those issues, except one, to be beyond the mandate of this Court in Wetterhan. The sole exception is the Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), challenge.
The trial court required each side to give race-neutral reasons for every strike. Both sides did so. Wetterhan, on appeal, contends that the explanations for two of Vesta’s peremptory strikes were a sham and pretext for discrimination. These were the strikes of the only venire-members — white or African-American— *571 who stated that their husbands were disabled and were “on disability.” At the time of voir dire, Pierre Gramlich was a plaintiff, and he was suffering from congestive heart failure and was on a list awaiting a heart transplant.[2] Vesta contended that these two jurors were struck because Vesta believed they could be swayed by sympathy for Gramlich. The trial court did not err in holding that this was a race-neutral reason. Olsen v. Rich, 657 So.2d 875, 878 (Ala.1995); Meads v. RPM Pizza, Inc., 689 So.2d 1352 (Ala.1994). Vesta’s concern over the plaintiffs taking advantage of the jurors’ sympathy for someone who was disabled was not a fanciful concern — Gramlich’s poor health was made known to the jury in the plaintiffs’ opening statement and by Gramlich’s testimony.
AFFIRMED.
MOORE, C.J., and SEE, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.

. There were two appellants in Wetterhan: John Wetterhan and Pierre Gramlich. Before the appeal in the case at issue, Gramlich settled his claims against Vesta.

. See note 1.