This is an appeal from a summary judgment entered in favor of the defendant, Johnson-Rast Hays Company, Inc., a real estate sales agency. We affirm.
The plaintiff, Janet Lee Harrington, made a written offer to buy a house in Jefferson County, Alabama. An agent for Johnson-Rast Hays prepared a statement showing the approximate closing costs, as is required by § 34-27-36, Ala. Code 1975. This statement reflected a down payment of $3,925 and closing costs of $5,853. Ms. Harrington then executed a real estate sales contract.
The plaintiff contacted a mortgage company, First General Lending Corporation, to arrange financing. First General prepared an estimate of "settlement charges" that she would incur in purchasing the property. This statement reflected a down payment of $4,000, closing costs of $5,050 and two mortgage payments of $1,260 each. This estimate exceeded the $8,000 the plaintiff possessed to purchase the house. She stopped payment on the $1,000 earnest money check tendered with the contract and ceased the loan qualification process. Subsequently, the sellers sued her on the sales contract and received a judgment of $500 against her.
Ms. Harrington sued Johnson-Rast Hays on July 2, 1990. In her complaint she claimed that the defendant's agent had fraudulently induced her to sign the contract by misstating the amount of the closing costs.
The defendant filed a motion for summary judgment, which was granted by the trial court. In granting that motion, the trial court stated as follows:
 "The Court having considered the Motion for Summary Judgment, having considered argument of counsel and briefs in support of position, finds there could not have been any reasonable reliance as a matter of law since the Plaintiff signed the document stating, 'The undersigned purchasers or sellers acknowledge that the above is an estimate of the usual closing costs, made by the agent, based upon the information available at this date, and that the same are subject to change at closing due to date of closing, money market conditions or other variable circumstances.' This was signed by the Plaintiff.
 "Therefore, the Court finds there is no genuine issue as to any material fact and that the Defendant is entitled to a judgment as a matter of law. . . ."
(C.R. 29.) The plaintiff appeals.
Section 6-5-101, Code of Alabama 1975, provides as follows: *Page 439 
 "Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."
Thus, it has been held that for a plaintiff to recover in a fraud action, there must be proof (1) of a false representation; (2) that the false representation concerned a material existing fact; (3) that the plaintiff relied upon the false representation; and (4) that the plaintiff was damaged as a proximate result of the reliance. Hammond v. City of Gadsden,493 So.2d 1374, 1377 (Ala. 1986), citing International Resorts,Inc. v. Lambert, 350 So.2d 391 (Ala. 1977).
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. "In determining whether summary judgment was properly granted, the trial court must view the motion in a light most favorable to the nonmovant. Ryan v. Charles Townsend Ford, Inc.,409 So.2d 784 (Ala. 1981)." Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985).
Here, the trial judge was correct in his holding that there could have been no justifiable reliance by the plaintiff, as a matter of law, because the statement she signed indicated that the amount of the closing costs were estimates only, subject to market and other changes. The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.