In July 1987 Janet Lee Harrington entered into a contract with Lorraine and Louis Feld to purchase their home. She agreed to pay $78,500 and all the closing costs. She tendered a $1,000 earnest money check to Johnson-Rast and Hays, the real estate sales agency.
The contract to purchase the home was contingent upon Harrington's obtaining financing for 95% of the purchase price. By the express terms of the contract she agreed to "make every effort to obtain approval" of the loan to purchase the home.
Harrington contacted a mortgage company to arrange financing. The mortgage company prepared an estimate of "settlement charges" that she would incur in purchasing the property. The estimate exceeded the prior estimate made by the agent for Johnson-Rast and Hays. Harrington stopped payment on the $1,000 earnest money check tendered with the contract and abandoned her efforts to secure the mortgage.
The Felds filed an action in the district court against Harrington for breach of the sales contract and received a judgment for $500. The Felds appealed the judgment to the circuit court and demanded a jury trial. Harrington filed a counterclaim against the Felds based on misrepresentation as to the amount of money she would need in order to purchase the house. The Felds moved for summary judgment on the original claim and the counterclaim. The court granted the motion. It entered a judgment *Page 221 
in favor of the Felds for $5,000. Harrington appeals.
Initially, Harrington asserts that the trial court erred in granting summary judgment on the breach of contract claim. She contends that the evidence clearly showed that a mistake had been made as to the amount of money she would need to purchase the house. She contends that because of the mistake there was no "meeting of the minds" and that she was justified in refusing to perform the contract.
For a summary judgment to be properly granted, the pleadings and affidavits must establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Hammond v. City of Gadsden, 493 So.2d 1374
(Ala. 1986). In a breach of contract action, summary judgment is appropriate only where the contract is unambiguous and the facts are undisputed. Johnston v. Central Bank of the South,501 So.2d 1237 (Ala.Civ.App. 1987). In our review of the trial court's grant of summary judgment, we must use the same standard as that used by the court below. Johnston.
We find the contract to be unambiguous and plain in its expression. Harrington agreed to purchase the house and to "make every effort to obtain approval" of the loan. Prior to signing the contract, she signed a statement prepared by the agent for Johnson-Rast and Hays showing the approximate settlement costs. The statement indicated that the amount of the closing costs were estimates only, subject to market and other changes. The mortgage company's estimate exceeded the amount that Harrington possessed to purchase the house. Based on that excess, Harrington abandoned her efforts to secure the loan.
 "Where a contract is unambiguous and plain in expression, we know of no canon of construction that warrants an interpretation the only effect of which is to relieve a party to the contract from consequences deemed by him hard or unfair. Where the parties express without ambiguity their intention, no court can alter the agreement, and no room for judicial construction is left."
Lilley v. Gonzales, 417 So.2d 161 (Ala. 1982).
The only misunderstanding in this instance was Harrington's misconception involving the settlement costs. The contract was not ambiguous and the facts were not in dispute. Therefore, the grant of summary judgment was proper. The purchase agreement was a valid contract which was due to be enforced and adhered to by all the parties.
Harrington next asserts that the trial court erred in its conclusory disposal of the counterclaim.
Harrington's counterclaim focuses on a claim of fraud and misrepresentation against Johnson-Rast and Hays and its agent. Harrington sued the real estate company and its agent in a separate action based on the same claims as found in the counterclaim. The Circuit Court of Jefferson County entered a summary judgment against Harrington. The trial court in the present case was apprised of that judgment. Subsequently, Harrington appealed that judgment to the supreme court, which affirmed the trial court. Harrington v. Johnson-Rast Hays,577 So.2d 437 (Ala. 1991). The trial court did not err in granting summary judgment on the counterclaim.
Harrington finally asserts that the trial court's award of damages was not supported by the evidence.
The measure of damages for the breach of a contract involving the sale of land is the difference between the contract price and the market value of the property on the date of the breach.Brett v. Wall, 530 So.2d 797 (Ala. 1988); Woodham v. Singletary,545 So.2d 78 (Ala.Civ.App. 1989).
The Felds did not present any evidence of the reasonable market value of the property on the date the contract was breached. The amount of damages was based on evidence of the property's market value on October 30, 1987 — approximately three months after the breach. That evidence does not comport with the proper measure of *Page 222 
damages. For failure to establish correct damages, the judgment as to damages is reversed.
The Felds have requested an attorney's fee on appeal. They cite no authority for granting an attorney's fee in this case, and we know of none. The request is therefore denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
All the Judges concur.