L. CHARLES WRIGHT, Retired Appellate Judge.
Charles Graffeo filed this action in the District Court of Madison County against State Farm Fire & Casualty, Inc., alleging breach of contract. The district court judge entered an order in favor of State Farm. Graffeo appealed the action to the circuit court. State Farm subsequently filed a motion for summary judgment with supporting affidavits. Graffeo filed affidavits in opposition to the motion. The circuit court granted the motion. Graffeo appeals.
The undisputed facts are as follows: State Farm insured Graffeo’s rental dwelling. The dwelling sustained windstorm damage. The dwelling has asbestos shingles for siding. Ten asbestos shingles on the rear of the dwelling were broken and damaged. Graffeo filed his claim, after which a dispute arose as to the amount payable for the loss and damage to the dwelling.
In support of its motion for summary judgment, State Farm submitted the affidavit of R.G. Nayman, a local contractor. Nayman stated that he could replace the damaged shingles and paint the rear of the dwelling for $323.76. He explained his procedure for dealing with asbestos. He stated that he would place plastic on the ground; wet the damaged shingles so that no fibers would become airborne; remove the damaged shingles and replace them with non-asbestos shingles of like land, quality, and texture; place the damaged shingles in a sealed plastic bag; and dispose of the bag at the landfill. He has made similar repairs before. He stated that his method is commonly used in the area. Charles Terrell, an environmental specialist employed by the city of Huntsville, stated, in affidavit, that the city of Huntsville recommends the procedure utilized by Nay-man. According to Terrell, asbestos fibers are more likely to be disturbed and become airborne if one attempts to install siding over the existing asbestos shingles.
Graffeo contends that the cost to repair the damage is $3,794.55. This amount includes $3,650 to repair the damage to the asbestos siding. Graffeo insists that the safe and reasonable method of repairing the damaged asbestos siding is to cover the rear of the dwelling with cedar siding to prevent the asbestos from being released into the air. This method of repair was affirmed by Clifton McClure, Graffeo’s expert, in an affidavit in opposition to the motion for summary judgment.
*791 Graffeo asserts that the trial court erred in granting State Farm’s motion for summary judgment. He contends that the evidence clearly presented a disputed issue of material fact. Specifically, he insists that the conflicting evidence, concerning the reasonable and necessary cost to repair the damage, presents a question of fact.
For a motion for summary judgment to be properly granted, the pleadings and affidavits must establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Harrington v. Feld, 586 So.2d 220 (Ala.Civ.App.1991). In a breach of contract action, summary judgment is appropriate only where the contract is unambiguous and the facts are undisputed. Harrington. In our review of the trial court’s entry of a summary judgment, we must use the same standard as that used by the court below. Harrington.
We find the contract to be unambiguous and plain in its expression. The policy provides that State Farm will cover “the replacement cost of that part of the building damaged for equivalent construction and use on the same premises.” In the absence of a definition within the policy or by statute or ease law, the term replacement cost must be given its common meaning. Green v. Merrill, 293 Ala. 628, 308 So.2d 702 (1975). Replace means “ ‘to take the place of ... ’ or ‘to put something new in the place of.’ ” Huggins v. Hanover Ins. Co., 423 So.2d 147 (Ala.1982). It is clear under the terms of the contract that State Farm is obligated to pay only for the replacement of those shingles which were actually damaged, rather than for installing cedar siding across the entire rear of the building.
The only “dispute” in this instance is Graf-feo’s misconception involving his coverage. The contract is not ambiguous, and the material facts are not in dispute. The determination of the meaning of the terms of the policy was a matter of law for the court. Upton v. Mississippi Valley Title Ins. Co., 469 So.2d 548 (Ala.1985). The trial court did not err in granting State Farm’s motion.
The judgment of the trial court in granting the motion for summary judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12~18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.