L. CHARLES WRIGHT, Retired Appellate Judge.
John Williams initiated this action in the District Court of Montgomery County against Michael and Debbie Watson, alleging breach of contract. The district court entered a judgment in favor of Williams in the amount of $3,835. The Watsons appealed the judgment to the circuit court. Williams subsequently filed a motion for a summary judgment. The circuit court entered a judgment in favor of Williams in the amount of $750. Williams filed a post-judgment motion, questioning the adequacy of the damages. The motion was denied by operation of law. Williams appeals. The Watsons cross-appeal.
In July 1994 Williams entered into a real estate sales contract with the Watsons to purchase the Watsons’ home. The contract contained an addendum that provided, “seller to replace deck rail on upper level deck, and all rotted wood including, but not limited to, doors, windows and garage door trim.” The contract further provided that “[a]ll covenants, promises and understanding written herein survive the closing.”
Prior to the closing, Williams repeatedly requested that the rotten wood be replaced. He was specifically concerned with nine doors in the home that were damaged by rotten wood. Rather than replace the wood on seven of the doors, the Watsons attempted to repair the rotten wood by substituting wood filler for the rotten wood.
Following the closing, Williams continued in his quest to have the rotten wood replaced. The Watsons took the position that they had agreed to replace only two of the doors and that all the other rotten wood would be repaired by using wood filler. In his affidavit Michael Watson averred that prior to the closing, Williams knew of Watson’s plan to repair the rotten wood, rather than to replace it. Watson averred that he had placed $750 in an escrow account at the time of closing for the purchase of the two doors.
The Watsons never replaced the rotten wood. Williams had the wood replaced. The cost of the replacement was $4,585.86.
A disposition by way of a summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Graffeo v. State Farm Fire & Casualty, Inc., 628 So.2d 790 (Ala.Civ.App.1993). In a breach of contract action, a summary judgment is appropriate only where the contract *97 is unambiguous and the facts are undisputed. Graffeo. In our review of the trial court’s entry of a summary judgment, we must use the same standard as that used by the court below. Graffeo.
In entering a summary judgment in favor of Williams, the trial court found the following:
“When the questioned language in the addendum to the contract is considered as a whole and not just as it relates to the doors, the Court holds that the word ‘replace’ is unambiguous, and the Watsons were required to replace the rotten wood with new wood, not wood filler. The Wat-sons’ interpretation of the questioned language would substitute the word ‘replace’ with the word ‘repair.’ ”
We agree with the trial court and find the contract to be unambiguous and plain in its expression. The addendum provided that the Watsons would “replace ... all rotted wood including, but not limited to, doors, windows and garage door trim.” To replace means to take the place of or to put something new in the place of. Graffeo. It is clear from the terms of the contract that the Watsons were obligated to “replace” all rotten wood.
The only “dispute” in this instance is the Watsons’ misconception regarding the terms of the contract. The contract is not ambiguous, and the material facts are not in dispute. The determination of the meaning of the terms of the contract was a matter of law for the trial court. Graffeo. The trial court did not err in entering a summary judgment in favor of Williams on the liability issue.
Williams asserts, however, that the trial court erred in limiting his damages to $750, the amount in the escrow fund.
In assessing damages, the trial court found the following:
“The evidence is undisputed that Dr. Williams was aware [at the closing] that the Watsons were attempting to repair the rotten wood with wood fill-up and brass plates; however, Williams also knew that the attempted repairs would not comply with the requirements of the contract. Nevertheless, Williams allowed the Wat-sons to proceed knowing that the manner the Watsons selected to comply with the contract would be unsatisfactory. Inasmuch as Dr. Williams closed the contract knowing that it had already been breached, the Court finds that the amount set aside in escrow is the limit of the monetary damages that can be claimed by Dr. Williams.”
The trial court in essence held that because Williams was aware before closing that the Watsons were attempting to repair the rotten wood rather than to replace it, Williams’s damages would be limited to the funds in escrow. The contract, however, expressly provided that “[a]ll covenants, promises and understanding written herein survive the closing.” Therefore, regardless of what occurred before the closing and following the closing, the Watsons had a contractual obligation to replace all rotten wood. The Watsons breached that obligation.
In contract law the primary duty of the trial court is to put the injured party in the condition he would have occupied if the contract had not been violated, or had been fully performed. Curacare, Inc. v. Pollack, 501 So.2d 470 (Ala.Civ.App.1986). The trial court found that the contract was unambiguous and that the Watsons breached the contract by not replacing all the rotten wood. Williams offered into evidence the expenses he incurred in replacing the rotten wood. The expenses amounted to $4,585.86. The Watsons presented no evidence to dispute the necessity, or the amount, of the expenses incurred.
We find that it was error for the trial court to limit Williams’s damages to the escrowed amount. Williams is entitled to damages in the undisputed amount.
Williams further asserts that the trial court erred in failing to grant his motion for attorney fees and costs.
The contract specifically provided, “In the event of default by either Seller or Purchaser, all reasonable attorney fees and court costs may be recoverable against the defaulting party.”
*98 In view of the specific language contained in the contract, we find that the trial court erred in failing to grant Williams’s motion for attorney fees and costs. The matter is remanded to the trial court for an assessment of attorney fees and costs in favor of Williams.
Williams’s request for attorney fees on appeal is granted in the amount of $500.
The judgment of the trial court is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.
All the judges concur.