MONROE, Judge.
Karen Padgett sued State Farm Fire and Casualty Company and its agent, Bob Barnard (together referred to herein as “State Farm”), alleging claims of breach of contract, fraud and misrepresentation, and bad faith refusal to pay. After a hearing, the trial court entered a summary judgment in favor of State Farm. Padgett appealed the summary judgment as to the breach of contract and fraud and misrepresentation claims; she did not appeal as to her bad faith claim. The Alabama Supreme Court deflected her appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala.1994). The burden is on the moving party to show that there is no material fact in dispute; the evidence is to be viewed in the light most favorable to the nonmovant, and all reasonable inferences are to be drawn in that party’s favor. Id.
Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala. Code 1975. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). To defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The record shows that Padgett had the roof on her home replaced after Hurricane Frederic passed through the Mobile area in 1979. Sixteen years later, in August 1995, Hurricane Erin swept through the area. Padgett filed a claim with her insurance company, State Farm, alleging that the roof had suffered wind damage as a result of the hurricane and that it had suffered hail damage from an earlier storm. State Farm claims specialist Johnny Jackson inspected the roof. He found no hail damage; however, because Padgett had claimed her roof had sustained wind damage from Hurricane Erin, he allowed Padgett $995 to repair the roof.
Padgett also had two local roofing companies inspect her roof. She testified that both *304 companies told her that her roof had incurred hail and wind damage, and both provided her with estimates that were higher than the amount offered by State Farm. However, in looking at the written estimates, we note that both are for the replacement of Padgett’s entire roof, not for repairing only the damaged portion of the roof. Because Padgett was not satisfied with State Farm’s offer, State Farm had an independent inspection done on the roof. That inspector determined that the condition of the roof was caused by defective shingles and general wear, tear, and deterioration of the roof. He also said that there was no indication of loss of “useful life” of the roof from wind or hail.
Another claims specialist inspected Pad-gett’s roof in October and again in December 1995. He found that no repairs had been made with the $995 payment State Farm had made to Padgett; he also found that there was no new damage. He determined that the roofs condition was caused by defective shingles, wear, tear, and deterioration. State Farm denied further payment of Padgett’s claim because her policy did not cover loss from wear, tear, deterioration, latent defect, or defect in materials used in construction or repair.
Padgett contends that the trial court erred in entering the summary judgment as to the breach of contract count because, she argues, the affidavit of her “roofing expert,” Ralph Welch, creates a genuine issue of material fact as to what caused damage to her roof. However, in her brief filed in this court, Padgett neglects to say that the trial court granted State Farm’s motion to strike Welch’s affidavit on the ground that it had not been notarized. Padgett does 'not challenge that ruling. Without Welch’s affidavit, Padgett had no evidence that would create a genuine issue of material fact. Therefore, she did not meet the burden required to defeat State Farm’s properly supported motion for a summary judgment on the breach of contract claim. The summary judgment is affirmed as to that claim.
We note that after the trial court entered the summary judgment Padgett filed a “motion to reconsider” and attached to it a notarized version of Welch’s affidavit and attached his deposition. “Motions to reconsider,” properly taken as motions to alter, amend, or vacate the judgment, Rule 59(e), Ala. R. Civ. P., “[do] not operate to extend the time for filing affidavits or other material in opposition to a motion for summary judgment.” Moore v. Glover, 501 So.2d 1187, 1189 (Ala.1986). “A trial court may not consider newly presented evidence on a Rule 59(e) motion absent a showing by the party of circumstances that prevented his presenting that evidence to counter that offered in support of the motion for summary judgment.” Thomas v. Swindle, 676 So.2d 333, 335 (Ala.Civ.App.1996). Padgett offers no explanation as to why a notarized copy of Welch’s affidavit or his deposition testimony was not used to counter State Farm’s motion for summary judgment. Therefore, the trial court properly denied Padgett’s “motion to reconsider.”
Padgett also argues that the trial court erred in entering the summary judgment in favor of State Farm on her fraud claim. Specifically, she claims that State Farm agent Bob Barnard misrepresented to her what State Farm would pay in the event her residence was damaged. In her deposition, Padgett testified: “I bought a replacement coverage. And replacement, by the Webster Dictionary, means to remove and install. And there was no signs of what Mr. Jackson [a claims specialist] here on his estimate had to replace my roof, which was the coverage that I purchased.” Padgett explained what she believed State Farm and Barnard had done to defraud her:
“I’ve claimed that they broke the contract. Because the dictionary, as far as replacement, it means replacement. And he sold me a policy that called for replacement had a — he just misrepresented the word ‘replacement’ when he sold me the policy. And State Farm misrepresented it as well. I mean, he represents State Farm. But they didn’t represent to me that when the word means replacement, they changed the definition when the claim comes about.”
Later in Padgett’s deposition, the following exchange occurred:
*305 “[Defense counsel]: All right. Now, on that statement, you’re saying you paid for replacement coverage. Do you understand from your perspective, is it your contention that the entire roof must be replaced if only a portion is damaged?
“[Padgett]: Given the definition that replacement is, yes.
“Q: Okay. So if you have, for instance, one shingle on one edge of your roof is damaged, say, by a limb or wind or hail, is it then your contention that the entire roof should be torn off and replaced?
“A: That’s correct.”
The policy State Farm issued to Pad-gett provides in pertinent part:
“[State Farm] will pay the cost to repair or replace [dwellings], subject to the following:
“(1) until actual repair or replacement is completed, we will pay the actual cash value of the damage to the buildings or other structures, up to the policy limits, not to exceed the replacement cost of the damaged part of the buildings or other structures, for equivalent construction and use on the same premises.”
This court has already held that the language used in the policy obligates State Farm to pay only for the damaged portion of the roof and the replacement of shingles in that area; it is not obligated to pay to replace the entire roof. Graffeo v. State Farm Fire & Casualty, Inc., 628 So.2d 790 (Ala.Civ.App.1993).
Just like the fraud claim in Graffeo, the fraud claim in this case hinges on the plaintiffs misconception of the coverage available under the policy. “The determination of the meaning of the terms of the policy was a matter of law for the court.” Id. at 791. State Farm had already paid Padgett $995.86 to repair the damage to her roof; that is what the policy provides. Padgett failed to produce competent evidence indicating that her entire roof needed to be replaced because of wind or hail damage. Therefore, the trial court properly entered the summary judgment as to Padgett’s claim of fraud and misrepresentation.
The judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.