FAULKNER, Justice.
This is an appeal from a summary judgment. Costs that included insurance premiums of $52,052 and guard services of $19,-152.08, were taxed against Vintero. Vinte-ro appeals only the taxing of these costs. We reverse and remand.
Vintero insured a vessel, the BONAIRE STAR, through Marsh & McLennan, and when the premiums were not paid Marsh & McLennan instituted suit by attaching the vessel. Because the sheriff of Mobile County will not take actual custody of a vessel, and guard it while under attachment, Marsh & McLennan nominated Mobile Protective Service as bailee. No court approval of this arrangement was obtained. Mobile Protective Service guarded the vessel twenty-four hours a day for six months at a total cost of $19,152.08. Moreover, after attachment, Marsh & McLennan took out Hull and Machinery (Port Risk), and Increased Value insurance on the vessel in the total face amount of $5,600,000, and nominated itself the loss payee. This, also, was without prior court approval. The insurance, on a monthly basis, remained in effect for six months at a total cost of $52,052.
Marsh & McLennan’s motion for summary judgment was granted along with “all Court Costs in this cause created.” Vinte-ro’s motion for the court to review the taxation of costs, and to retax certain items was denied in a minute entry. On appeal, Vintero asserts that the cost of the guard services, and the insurance premiums while the vessel was under attachment were improperly taxed against it.
The taxing of costs is governed by Rule 54(d) ARCP which states in pertinent part, “Except when express provision therefor is made in a statute, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . .” [emphasis added]. This language parallels that of Rule 54(d) of the Federal Rules of Civil Procedure. Justice Black, in the leading case of Farmer v. Arabian American Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964), noted that the last phrase, “unless the court otherwise directs,” vests the court with power to tax costs in an appropriate fashion. He went on to analyze the federal rule as follows:
“We do not read that Rule as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny . [T]he discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute.” 379 U.S. at 235, 85 S.Ct. at 416.
It is acknowledged by the parties that no statute expressly authorizes the taxing of insurance premiums, and guard expenses as costs.
The clear implication of Farmer is that a party should obtain prior court approval before incurring costs other than those routinely incidental to litigation. We opine that the requirement of prior approval of the court is the better rule. It has been applied in a variety of cases involving expenses not provided for by statute. See Wahl v. Carrier Manufacturing Co., Inc., 511 F.2d 209 (7th Cir. 1975) (models and charts); Johns-Manville Corp. v. Cement Asbestos Products Co., 428 F.2d 1381 (5th Cir. 1970) (models and charts); Euler v. Waller, 295 F.2d 765 (10th Cir. 1961) (maps); Specialty Equipment and Machin *463 ery Corp. v. Zell Motor Car Co., 193 F.2d 515 (4th Cir. 1952) (models); Wade v. Mississippi Cooperative Extension Service, 64 F.R.D. 102 (N.D.Miss.1974) (computer time). This procedure allows the court to assure that only reasonable and necessary expenses are incurred. In addition, it enables the opposing party, who may ultimately bear the expense, to suggest less expensive alternatives. Consequently, we hold that under Rule 54(d), where costs are substantial, and will significantly increase the ultimate expense of a lawsuit, absent exigent circumstances, court approval must be obtained before the expenses are incurred if they are to be taxed as costs. This construction of Rule 54(d) comports with the avowed purpose of our rules “to secure the just, speedy and inexpensive determination of every action.” Rule 1(c) ARCP.
The problems inherent in allowing a party unilaterally to incur taxable costs are well illustrated by the situation here, where there appears to be a serious question of the propriety of Marsh & McLennan insuring the vessel for its full value and nominating itself as loss payee when its interest was for a much smaller amount. Apparently, they sought to shield themselves from any liability which they might possibly incur if the vessel were damaged or destroyed. By doing so they incurred expenses which rival the judgment itself, but Vintero was never accorded the opportunity to suggest alternatives or to object to the type or amount of insurance obtained.
The cost of the guard services presents a slightly different factual situation. There, it appears that Marsh & McLennan had no choice but to appoint a bailee to act as guard, otherwise, the sheriff would not have attached the vessel. Under these circumstances the failure to obtain prior court approval was understandable. Nevertheless, we consider it essential that the courts maintain control over custodial expenses incurred in the protection of property in custody. See Pyne v. Oil Screw Fishing Vessel Chrisway, 298 F.Supp. 1160 (S.D.Ga.1969).
Because this is a case of first impression, we remand it to the trial court to hold a hearing on the reasonableness of the insurance premiums, and guard expenses, and then determine which of the parties shall bear the entire burden of the costs, or a pro rata portion of them.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Justices concur.