**Burdell VAUGHN, Plaintiff,**

v.

**Gayle FRANZEN, Marvin Reed, Mike Huff, Daniel Scott, and R. Demeulemeester, Defendants.**

No. 81 C 6238.

United States District Court,
N.D. Illinois, E.D.

Oct. 26, 1982.

Reid S. Neumann, Chicago, Ill., for plaintiff.

John J. Curry, Jr., Asst. Atty. Gen., State of Ill., Sp. Litigation Div., Chicago, Ill., for defendants.

## MEMORANDUM

LEIGHTON, District Judge.

Plaintiff Burdell Vaughn, an inmate at the Stateville Correctional Center, Joliet, Illinois, brings this action pursuant to 42 U.S.C. § 1983 challenging the procedures followed by the defendants in a disciplinary hearing at which plaintiff was found guilty of violating prison rules. Defendants are Gayle Franzen, at all pertinent times the Director of the Illinois Department of Corrections; Marvin Reed, Chief Administrative Officer at Stateville; Mike Huff, a casework supervisor at Stateville; Daniel Scott, Chairman of the Adjustment Committee; and R. Demeulemeester, a correctional officer at Stateville.

The cause is before the court on defendants' motion to dismiss, pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim. After consideration of the parties' submissions, the court concludes that the allegations of the complaint are sufficient to state a claim against the defendants under 42 U.S.C. § 1983. The alleged facts, which are taken as true for the purposes of this motion, are as follows.

On October 9, 1979 plaintiff was charged with violating prison rules for allegedly failing to obey orders given to him by defendant Demeulemeester. A hearing on the charges was convened before the Adjustment Committee on October 11, 1979. Plaintiff testified on his own behalf, and the Committee, after hearing evidence, found him not guilty of the charges and dismissed the disciplinary report which had been issued against him. A week later, on October 18, 1979, plaintiff was told to report to the Adjustment Committee immediately. A second hearing was held on the charges which had been dismissed the previous week. Plaintiff was given no prior notice of this second hearing and he was not allowed to present a defense. At this second hearing the Adjustment Committee reversed its earlier ruling and found plaintiff guilty of the rule infractions that he was charged with. He was sentenced to six months in segregation, six months loss of good time, and six months in C–Grade.

Plaintiff contends that the defendants' failure to provide him with adequate notice and their failure to allow him to present a defense at the second hearing violated his Fourteenth Amendment right to procedural due process.

■ Defendants argue that their alleged actions do not violate the plaintiff's constitutional rights because plaintiff is a prisoner and as such is not entitled to the "full panoply" of procedural rights given a defendant in a criminal proceeding. While defendants are correct that the rights retained by prisoners under the Due Process Clause are subject to restrictions, *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974), those rights, in this court's view, must at least encompass the right to adequate notice, and an opportunity to present a defense. *See Morrisey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972); *Wolff,* 418 U.S. at 556–557, 94 S.Ct. at 2974–2975. Defendants rely on *Zaczek v. Hutto,* 642 F.2d 74 (4th Cir. 1981) in support of their argument. *Zaczek* is however, easily distinguishable. There the Fourth Circuit held that a prisoner was not entitled to additional notice or to present additional evidence in a disciplinary proceeding that had been adjourned and later reconvened. In that case, the Adjustment Committee had not reached a decision, the second hearing was merely a continuation of the original one; it was not an entirely new proceeding. In the present case, the Committee had already made a ruling and dismissed the charges. Although the second hearing was a reconsideration of the Committee's earlier ruling it was still a separate and distinct proceeding. The court assumes that there was some ground underlying the Committee's reconsideration; new evidence or information. Plaintiff was entitled to an opportunity to respond to whatever formed the basis for the Committee's decision to reconsider. Under the procedures allegedly followed he was not given such an opportunity.

■ Defendant Franzen has moved to dismiss the complaint as against him for

**428**

failure to allege any personal involvement or knowledge of the unconstitutional conduct of the other defendants. *See Duncan v. Duckworth,* 644 F.2d 653 (7th Cir. 1981); *Adams v. Pate,* 445 F.2d 105 (7th Cir. 1971). Plaintiff has alleged that Franzen personally approved of and ratified the conduct of the other defendants. That is sufficient to state a claim under Section 1983. Franzen may be able to show that he had no personal knowledge of the other defendants' actions. However, if plaintiff proves the allegations of his complaint, defendant Franzen will be liable. Accordingly, the court finds that plaintiff has stated a claim against defendant Franzen as well. *See Duncan,* 644 F.2d at 654–655. For these reasons, defendants' motion to dismiss is denied.

So ordered.