This is an appeal from the denial of a petition for writ of habeas corpus.
In denying the petition, the circuit judge issued the following written order:
 "This is a Petition for a Writ of Habeas Corpus. The Petitioner is an inmate at *Page 945 
Limestone Correctional Facility. He received a disciplinary which was heard by a committee and he was adjudged guilty. The report of the disciplinary committee was sent to the assistant warden who considered the punishment insufficient for the offense of which he was found guilty and he ordered that disciplinary report set aside and appointed a new committee. The Petitioner was given notice that the disciplinary had been set aside and that the disciplinary had been reinstated. A new committee heard the disciplinary and imposed a punishment greater than that received by the Petitioner at the original hearing.
 "A prison disciplinary does not involve a criminal prosecution and is not subject to the restriction of the Fifth Amendment of the U.S. Constitution on double jeopardy. Therefore, the second disciplinary does not amount to double jeopardy. The disciplinary procedure was in accordance with the administrative regulations of the Alabama Department of Corrections. Therefore, the Petitioner was not deprived of due process."
 I
On appeal, the petitioner, through appointed counsel, argues that he was denied due process in the re-initiation of the disciplinary proceeding because the assistant warden did not communicate to the chairperson of the first disciplinary committee the reason for his disapproval of the committee's recommendation. This issue has not been preserved for review.
Our review of the record does not show that this particular issue was presented to the circuit judge. At the evidentiary hearing on the petition, Assistant Warden William S. Stricker testified that the letter to the petitioner "should have stated in there why the disciplinary was going to be reinitiated" but that he did not know whether or not "it would be said in there."
Although there was some general testimony about Department of Corrections Administrative Regulation 403, a copy of that regulation was not introduced into evidence at the hearing. The record on appeal cannot be enlarged or supplemented by an appendix to the appellant's brief, wherein a copy of the regulation is contained. Tyus v. State, 347 So.2d 1377, 1380
(Ala.Cr.App.), cert. denied, Ex parte Tyus, 347 So.2d 1384
(Ala. 1977). Because Regulation 403 is not "of such wide application and established duration as to have become a part of the common knowledge of well informed persons" and because our legislature has not declared that the regulation "shall have the force and effect of law," this Court cannot take judicial notice of the regulation. State v. Friedkin, 244 Ala. 494,497, 14 So.2d 363 (1943).
On appeal, the petitioner does not contend that he was denied due process because he was not given notice of the reason for the reinstitution of the disciplinary charges. See Vaughn v.Franzen, 549 F. Supp. 426, 427 (N.D.Ill. 1982). This Court is "not . . . obligated to consider questions or issues not presented in briefs on appeal." Rule 45B, Alabama Rules of Appellate Procedure.
 II
In Moore v. State, 481 So.2d 914, 917 (Ala.Cr.App. 1985), this Court held that "an administrative disciplinary proceeding is not in the nature of a criminal proceeding in which the prisoner is entitled to the Fifth Amendment's protection against double jeopardy." Consequently, the second disciplinary proceeding against the petitioner was not barred by principles of former jeopardy because he had already been adjudged guilty of the same offense at a prior disciplinary which had been set aside.
The judgment of the circuit court denying the petition is affirmed.
AFFIRMED.
All Judges concur. *Page 946