L. CHARLES WRIGHT, Retired Appellate Judge.
On May 26, 1993, Rebecca Breeden filed an action against Alabama Power Company, alleging that she was entitled to workers’ compensation benefits. Alabama Power answered the complaint. On June 16, 1993, Alabama Power served Breeden with interrogatories, requests for admissions, and a deposition notice with a request for documents attached. Breeden faded to respond. On December 30, 1993, Alabama Power filed a motion to compel.
On January 15,1994, the trial court granted the motion to compel, stating that Bree-den “shad respond ... prior to 2/22/94 trial date.” Breeden faded to respond. On Feb *171 ruary 24,1994, Alabama Power filed a motion to dismiss. With assurances from Breeden that she would respond to the discovery requests, Alabama Power agreed to moot its motion to dismiss.
The last action taken by Breeden was on May 19, 1994. On that date she sent a deposition notice to a doctor. The deposition, however, was never taken.
Over the next two years, Alabama Power wrote numerous letters, made numerous phone calls, and filed three separate motions with the trial court, all in an effort to get Breeden to comply with discovery.
On October 25, 1995, Alabama Power filed its final motion to compel. On January 25, 1996, the trial court entered an order for Breeden to respond “within 30 days or suffer sanctions.” On March 21, 1996, Alabama Power filed a motion to dismiss the action.
A hearing was held on April 26, 1996. A transcript of that hearing is not in the record before us. The trial court entered an order on May 10, 1996, granting Alabama Power’s motion to dismiss. That order is as follows:
“Defendant, Alabama Power Company, has moved to dismiss this action on the ground of lack of prosecution and as a sanction (pursuant to Ala. R. Civ. P. 37 and this Court’s inherent powers) for failure to respond to two sets of discovery, for failure to respond to two motions to compel, and for failure to obey this Court’s order of January 25, 1996. This Court heard oral argument on this motion on April 26,1996. After due consideration of the arguments of counsel and review of the record and motions, this Court finds that Alabama Power Company’s motion is well taken and, therefore, it is ORDERED, ADJUDGED, and DECREED that the plaintiffs claims are hereby dismissed.”
Breeden appeals and asserts that the trial court erred in dismissing the action.
In presenting her arguments, Bree-den has stated facts and allegations that are not in the record before us, as we have only the clerk’s record of the pleadings and the rulings of the court. There is no transcript of the hearing held on the motion. There is no written response as to why Breeden failed to respond to discovery and the court’s orders. This court cannot determine whether the trial court may have abused its discretion in the absence of opportunity to examine the evidence presented to the court. Under such circumstances, we are bound to presume that there was evidence to support the trial court’s order. Pruitt v. Palm, 671 So.2d 105 (Ala.Civ.App.1995).
The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.