On November 3, 1995, the executor of the estate of Margaret M. Boykin filed a garnishment action in the Mobile Circuit Court against Trust Company of Texas ("Trust Company"), seeking to collect $33,726, which represented moneys allegedly owed by Richard A. Boykin, Jr., the sole income beneficiary of the "Dickie Trust." On October 10, 1996, the trial court entered a $33,726 judgment against the Dickie Trust for the support and college expenses of Helen Elizabeth Boykin, the child of Richard A. Boykin, Jr. The Trust Company appeals.
Richard A. Boykin, Jr., was divorced from Margaret M. Boykin in 1979. Margaret M. Boykin is now deceased. The garnishment action was pursued by Ross K. Drake, Jr., her executor. The Dickie Trust has previously been the subject of an appeal before this court concerning certain obligations claimed to be due from the trust for child support and alimony involving a later marriage of Richard A. Boykin, Jr. See Ex Parte Boykin,656 So.2d 821 (Ala.Civ.App. 1994) (hereinafter referred to as"Boykin I"). In Boykin I, this court determined that the Dickie Trust was a spendthrift trust. Ex parte Boykin, at 827.
On this present appeal, the Trust Company claims that the corpus of the spendthrift trust should not be subject to a judgment for unpaid child support and that the trial court's order is overly broad in that the judgment is for obligations other than child support.
The trial court's order, dated October 17, 1996, states in pertinent part,
 "This cause coming on to be heard on this the 10th day of October, 1996, on the pending matters before this Court, and from the arguments of counsel for the parties, and upon consideration, it is ORDERED, ADJUDGED and DECREED by the Court as follows:
 "1. The Court hereby enters a judgment in the amount of $33,726.00 against the garnishee for the support and college *Page 234 
expenses of the child, Helen Elizabeth Boykin.
 "2. The Court does also note that the attorney for the trust, Daniel Blackburn, did indicate to the Court that the `wheels were already set in motion' to try to liquidate certain assets in the trust so that obligations of Richard A. Boykin, Jr., could be paid. It is the hope of the Court that this obligation be paid as soon as possible and that further litigation not be necessary."
As an appellate court, we cannot consider arguments raised for the first time on appeal. Our review is restricted to the evidence and arguments considered by the trial court.Geisenhoff v. Geisenhoff, 693 So.2d 489 (Ala.Civ.App. 1997). The trial court did not order the Trust Company to invade the corpus of the Dickie Trust. Therefore, we will not consider the Trust Company's claim that a spendthrift trust should not be subject to a judgment for unpaid child support.
As to the Trust Company's claim that the trial court's order was overly broad, it appears from the trial court's order and the case action summary that the trial court conducted a hearing. Only the clerk's record of the pleadings and the rulings of the trial court have been presented. Also, no transcript of any hearing before the trial court has been presented to this court. Therefore, we are unable to determine whether the trial court may have abused its discretion, because we were not given the opportunity to examine the evidence presented to the trial court. In view of the scant record before us, we are bound to presume that there was evidence to support the trial court's order. Breeden v. Alabama Power Co.,689 So.2d 170, 171 (Ala.Civ.App. 1997).
The executor's request for an attorney fee is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur. *Page 954