MONROE, Judge.
Tony Lee Halsey appeals from a judgment entered in a child support and custody modification case.
Initially, we note that matters of child support and child custody rest within the sound discretion of the trial court and that the court’s rulings on these matters will not be reversed on appeal absent a showing of an abuse of discretion or a showing that the ruling was plainly and palpably wrong. Thompson v. Hove, 596 So.2d 939 (Ala.Civ. App.1992).
The father and mother were divorced on August 22, 1980, and the mother was awarded custody of the parties’ three minor children. The original divorce judgment has been modified several times; one amendment came in 1993, when the judgment was modified to award the father custody of the parties’ eldest son. In 1996, the father filed a petition requesting that the court award him custody of the parties’ youngest child, Ian, who was 17 years old. Ian’s affidavit was attached to the petition, and in it Ian stated that he was unhappy living with his mother and that he wanted to live with his father. The father also filed a petition requesting that the court modify his child support obligation.
A hearing on the father’s petitions was scheduled for June 28, 1996. The father states that, at the time set for a hearing, the court declined to take any testimony and instead took the matter under advisement. The father contends that no witnesses were sworn at that time, and the clerk’s record shows that the court reporter took no testimony in the ease. On September 5,1996, the trial court entered an order finding that it was in Ian’s best interest to remain in the custody of his mother: The court also determined that the father should pay child support for’ Ian in the amount of $563.50 per month. The father filed a motion for a rehearing on the ground that the trial court had not taken any testimony before making its determination. The trial court denied this motion. The father appeals, arguing that the trial court improperly made its determinations regarding child support and child custody without allowing him to present any testimony.
We note that the trial court’s order begins by stating that sworn testimony was taken on June 28,1996. However, the father’s contention that no testimony was taken has been otherwise uneontradicted. We consider it important that a notation in the case action summary sheet reveals that the court reporter corroborates the father’s contention that no testimony was taken. Considering that over two months had elapsed between the hearing date and the date the trial court entered its order, it is understandable that the court could have inadvertently included the standard language regarding testimony being taken, without realizing that this was not true in this particular case.
The father argues that he could not meet the heavy burden established in Ex parte McLendon, 455 So.2d 863 (Ala.1984), without the opportunity to present oral testimony. We agree. The trial court should have allowed the father to present evidence in support of his position. See Matter of Shaddix, 485 So.2d 731 (Ala.Civ.App.1986) (reversing for trial court’s refusal in child custody hearing to allow interested party to present evidence as to child’s best interest); see also Danford v. Dupree, 272 Ala. 517, 132 So.2d 734 (1961) (holding that trial court violated mother’s due process rights by not permitting her to present oral testimony in child custody case).
Because the trial court did not permit any testimony, this case is unlike those eases holding that, without the benefit of a transcript of the hearing, we must presume that evidence was presented supporting the trial court’s judgment. See, e.g., Breeden v. Alabama Power Co., 689 So.2d 170 (Ala.Civ.App. *481 1997). Thus, affirming the trial court’s order on the basis that the father has failed to provide us with a transcript supporting his statements would be requiring the father to perform the impossible. Because no testimony was taken, there is no transcript. This court should not penalize the father for the absence of a transcript, when the reason for this absence is the trial court’s own abuse of discretion. It appears that Ian was prepared to testify that he desired a change in custody. The father wanted the opportunity to testify regarding the issue of child support and, specifically, to testify as to expenses he has paid for the eldest son and as to the portion of his income derived from overtime pay. Although the court would not have been bound by this testimony, it certainly should have allowed the testimony to be presented before making its determination. Furthermore, because the trial court did not take any testimony, the ore tenus rule does not apply in this case.
Therefore, the judgment of the trial court is reversed, and this cause is remanded for farther proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.