765 So.2d 661 (2000)
Cheryl GOREE, as mother and next friend of Brandon Trent
v.
Becky SHIRLEY, as mother of Christopher Michael Shirley.
Becky Shirley, as mother of Christopher Michael Shirley
v.
Cheryl Goree, as mother and next friend of Brandon Trent.
2981238.
Court of Civil Appeals of Alabama.
March 24, 2000.
*662 Mike Comer of Mountain & Baird, Tuscaloosa, for appellant/cross appellee Cheryl Goree.
Jeffrey C. Smith of Rosen, Cook, Sledge, Davis, Cade & Shattuck, P.A., Tuscaloosa, for appellee/cross appellant Becky Shirley.
YATES, Judge.
On August 31, 1998, Cheryl Goree, individually and as the mother and next friend of Brandon Trent, sued Becky Shirley, as the mother of Christopher Michael Shirley, alleging that Christopher had negligently and/or wantonly caused an automobile accident in which Goree and Trent sustained injuries.[1] On November 10, 1998, Shirley made an offer of judgment in the amount of $4,000, pursuant to Rule 68, Ala. R. Civ. P. Goree did not accept this offer within 10 days and it was thereby rejected by operation of Rule 68. At some point, Goree moved the court to declare Rule 68, Ala. R. Civ. P., unconstitutional. The record does not contain a copy of that motion; however, it appears from the case action summary that on December 4, 1998, the court set the motion for a hearing on December 17, 1998. On December 18, 1998, the court, with an entry in the case action summary, denied Goree's motion to declare Rule 68 unconstitutional. The court made no findings and conducted no hearing with regard to the motion.
Thereafter, the case proceeded to trial, and on June 16, 1999, a jury returned a verdict in favor of Goree, awarding $2,578 in damages. Because the jury returned a verdict in favor of Goree for an amount less than that which had been offered by Shirley, Shirley moved the court to tax costs to Goree, pursuant to Rule 68. Following a hearing, the court entered an order taxing Goree's costs to Shirley, pursuant to Rule 54(d), Ala. R. Civ. P., because Goree was the prevailing party; however, the court ordered Goree to pay certain costs Shirley had incurred after the date of the offer of judgment, pursuant to Rule 68. Goree appeals and Shirley cross-appeals.
As previously noted, the record contains no copy of Goree's motion to declare Rule 68, Ala. R. Civ. P., unconstitutional. The motion is briefly referenced on four occasions in the case action summary, with no explanation as to the grounds on which a declaration of unconstitutionality was sought. We also note that Goree has attached a copy of that motion to her appellate brief as an appendix.[2] This court is restricted in its review to the evidence and arguments considered by the trial court. Boykin v. Drake, 699 So.2d 233 (Ala.Civ.App.1997). Further, it is well settled that the appellant has the burden of ensuring that the record on appeal contains sufficient evidence to warrant a reversal, Alfa Mutual General Ins. Co. v. Oglesby, 711 So.2d 938 (Ala.1997), and the duty to check the record to ensure its correctness on appeal. Coleman v. Taber, 572 So.2d 399 (Ala.1990). The record on appeal cannot be supplemented or enlarged by the attachment of an appendix to an appellant's brief. Jenkins v. State, 516 So.2d 944 (Ala.Crim.App.1987); see also TranSouth Financial Corp. v. Bell, 739 So.2d 1110 (Ala.1999). This court cannot discern from the record before it the grounds on which Goree sought to declare Rule 68 unconstitutional, nor can we determine *663 from that record what arguments were presented to the trial court in that regard. Because the record is insufficient for us to properly evaluate the constitutional issue raised, we will not address that issue.
Shirley cross-appeals from the court's order taxing costs. Shirley alleged in her motion to tax costs to Goree that she had incurred costs of $711.37 in defending against the action after her offer of judgment was deemed rejected by operation of Rule 68. Shirley presented copies of the invoices of the expenses incurred in the case. The costs included expenses for subpoena fees, medical records, employment records, and deposition costs.
The court taxed costs to Shirley, pursuant to Rule 54(d), Ala. R. Civ. P., because Goree was the prevailing party; however, the court ordered Goree to pay the costs incurred by Shirley in defending the action from the time the offer of judgment was rejected, except that the court awarded Shirley only $15 of a $50 charge for a copy of certain employment payroll records of Trent and further excluded from its award a $139.25 charge for a copy of Christopher's deposition and a $15 charge for a copy of a "travel transcript."
Shirley argues that the court erred in failing to award the entire $50 incurred as an expense for the copying of payroll records and the $139.25 charge for the deposition copy. Shirley also argues that the court erred to the extent that it awarded costs to Goree that were incurred by Goree following the rejection of the offer of judgment. Rule 54(d), Ala. R. Civ. P., provides that, "[e]xcept when express provision therefor is made in a statute, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Rule 68, Ala. R. Civ. P., provides that when the offeree of an offer of judgment rejects the offer, but later obtains a judgment that "is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."
In Ennis v. Kittle, [Ms. 2980309, June 25, 1999] ___ So.2d ___ (Ala.Civ. App.1999), the defendant made an offer of judgment to the plaintiff, pursuant to Rule 68, which the plaintiff rejected. The plaintiff subsequently recovered less than the amount offered by the defendant. The defendant moved to have its costs taxed to the plaintiff. The trial court entered an order taxing all costs to the plaintiff; however, it later clarified its order to tax to the plaintiff only the "court costs" incurred by the defendant. The defendant appealed, claiming to be entitled to expenses incurred above and beyond "court costs." Presiding Judge Robertson, writing for this court in Ennis, stated:
"`[T]he language of [Rule 68] is mandatory.' Atkinson v. Long, 559 So.2d 55, 58 (Ala.Civ.App.1990). As a noted commentator on the analogous Rule 68, Fed. R.Civ.P., has observed, this provision limits the customary discretion afforded to the trial court with respect to cost allocation where an offer of judgment has been rejected:
"`Once Rule 68 comes into play because a plaintiff has rejected an offer of judgment and obtained a less favorable judgment, the court retains no discretion to disregard the rule's costshifting consequences, which are mandatory. Plaintiff therefore cannot recover otherwise awardable costs incurred after the date of the offer, and it also must pay the defendant's costs incurred after that date.'
"12 Charles A. Wright et al., Federal Practice & Procedure, § 3006 (2d ed. 1997); accord, 13 Moore's Federal Practice, § 68.08[1] (3d ed. 1998)."
Ennis, ___ So.2d at ___ (emphasis added). This court concluded that Rule 68 mandates that the trial court tax to the plaintiff all costs incurred by the defendant after the date of the rejected offer and not limit those costs simply to those expenses paid directly to the court clerk, e.g., filing fees or fees for obtaining witness subpoenas. Id. The appellate courts of this state *664 have recognized deposition costs, travel expenses, copying costs, filing fees, survey costs, and other expenditures as taxable costs. Id. Although this court held in Ennis that the defendant was entitled to all costs incurred after the date of the rejected offer, a defendant can recover only those costs that were incurred as a necessary expense to the defense of the action. We conclude that Judge Monroe correctly stated the rule in his special concurrence in Mills v. Culbreth, 738 So.2d 1281 (Ala. Civ.App.1999). See also Lyons v. Cunningham, 583 F.Supp. 1147 (S.D.N.Y. 1983); Sack v. Carnegie Mellon University, 106 F.R.D. 561 (W.D.Pa.1985).
The costs incurred by Shirley for the copying of the payroll records and for the deposition copy are costs that this court has concluded are recoverable by a defendant when those costs have been incurred in defending an action following the rejection of an offer of judgment made pursuant to Rule 68. It appears from the record in this case that those costs were incurred as a necessary expense in defending the action. Accordingly, we conclude that the court erred in failing to award to Shirley as costs the $50 charge for obtaining copies of the payroll records and the $139.25 charge for obtaining the deposition copy.
We note that once Rule 68 comes into play, after the plaintiff has rejected an offer of judgment, the plaintiff can no longer recover those costs he would otherwise be entitled to recover. Ennis, supra. Thus, the court did not err in taxing to Shirley the costs incurred by Goree, pursuant to Rule 54(d), provided the court taxed only those costs incurred by Goree before the date the offer of judgment was deemed rejected.
Accordingly, we affirm except as to that portion of the trial court's judgment relating to the taxation of costs; as to that portion, we reverse. The case is remanded for the court to enter an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
MONROE, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs specially.
ROBERTSON, Presiding Judge, concurring specially.
I concur in Judge Yates's opinion, but write to emphasize that our opinion in Ennis v. Kittle, [Ms. 2980309, June 25, 1999] ___ So.2d ___ (Ala.Civ.App.1999), does not grant carte blanche authority to defendants to shift every expense incurred after an offer of judgment. In Ennis, we held that the trial court was required, under Rule 68, Ala.R.Civ.P., to tax "all costs" to the plaintiff that the defendants incurred after the date of their offer of judgment; however, in doing so, we also set forth a number of recoverable items that are, under Alabama statutes and caselaw, properly termed "costs" under Rule 54(d), Ala.R.Civ.P. ___ So.2d at ___. Implicit in Ennis is the principle that Rule 68 should be construed in pari materia with the trial court's discretion to determine properly-taxable "costs" under Rule 54(d). See also Vintero Sales Corp. v. Marsh & McLennan, Inc., 367 So.2d 461, 462-63 (Ala.1979) (where costs are substantial, "a party should obtain prior court approval before incurring costs other than those routinely incidental to litigation ... to assure that only reasonable and necessary expenses are incurred" (emphasis added)).
NOTES
[1] The complaint named as the defendant "Becky Shirley, as mother and next friend of Christopher Michael Shirley." The complaint stated a claim against Christopher Michael Shirley, a minor. Becky Shirley answered, "as mother and next friend" of her son Christopher. Apparently, the parties involved understood that she was answering as guardian ad litem for her son. See Rule 17(c), Ala. R. Civ. P.
[2] Goree sought to supplement the record on appeal, pursuant to Rule 10(f), Ala. R.App. P.; however, the motion to supplement was filed well beyond the 14-day period provided by Rule 10(f) and was denied by the court. Further, Shirley moved this court to strike the copy of the motion as being outside the record on appeal. That motion to strike the appendix to Goree's brief was granted.