I concur in Judge Yates's opinion, but write to emphasize that our opinion in Ennis v. Kittle, [Ms. 2980309, June 25, 1999] ___ So.2d ___ (Ala.Civ.App. 1999), does not grantcarte blanche authority to defendants to shift every expense incurred after an offer of judgment. In Ennis, we held that the trial court was required, under Rule 68, Ala.R.Civ.P., to tax "allcosts" to the plaintiff that the defendants incurred after the date of their offer of judgment; however, in doing so, we also set forth a number of recoverable items that are, under Alabama statutes and caselaw, properly termed "costs" under Rule 54(d), Ala.R.Civ.P. ___ So.2d at ___. Implicit in Ennis is the principle that Rule 68 should be construed in pari materia with the trial court's discretion to determine properly-taxable "costs" under Rule 54(d). See also Ventero Sales Corp. v. Marsh McLennan, Inc., 367 So.2d 461, 462-63 (Ala. 1979) (where costs are substantial, "a party should obtain prior court approval before incurring costs other than those routinely incidental tolitigation . . . to assure that only reasonable and necessary expenses are incurred" (emphasis added)). *Page 665