COBB, Judge.
On January 29, 2001, Bishop pleaded guilty to first-degree receiving stolen property. The trial court sentenced him to serve five years in prison, but the trial court split the sentence and ordered Bish *93 op to serve 90 days in prison, during which he was to complete the Disciplinary Rehabilitation Program. Upon Bishop’s successful completion of the rehabilitation program, the trial court was to hold a probation hearing. Bishop did not appeal. On August 3, 2001, Bishop filed a Rule 32, Ala. R.Crim. P., petition, which the circuit court summarily dismissed. This appeal followed.[1]
In his petition, Bishop claimed that the trial court did not have jurisdiction to accept his guilty plea. In an amendment to his petition, he clarified his claim; he contended that his sentence was illegal because, he said, he had pleaded guilty as a youthful offender, but the trial court had sentenced him to five years in prison, a sentence that violated the three-year maximum sentence for a youthful offender established in § 15-19-6, Ala.Code 1975. The circuit court dismissed the claim without making specific findings of fact, but amended the plea on the case action summary on August 8, 2001, as follows:
“AMENDMENT to plea of 1/29/01. The plea was not a Youthful Offender plea as the court had denied Youthful Offender status on 11/15/00. The defendant changed his plea from not guilty to guilty of Receiving Stolen Property in the first degree as charged in Count II of the indictment; whereupon, the court adjudged the defendant guilty of Receiving Stolen Property in the 1st degree with respect to Count II. The sentence is correct and the orders that follow in the plea are correct.”
On appeal, Bishop claims that the circuit court is mistaken and that he pleaded guilty as a youthful offender. In its brief on appeal, the State requests that this Court remand this cause to the circuit court because of several alleged problems in the circuit court’s “amendment” to the plea. The State has attached a copy of the case action summary containing the relevant information necessary to review Bishop’s claims on appeal. However, the record before us on appeal does not contain a copy of the case action summary of Bishop’s underlying guilty plea. See Etherton v. City of Homewood, 700 So.2d 1374 (Ala.1997), and King v. Garrett, 613 So.2d 1283 (Ala.1993) (holding that appellate review is restricted to the record before the appellate court on appeal and that the appellate court cannot consider evidence or a contention not supported by the record). See also Jenkins v. State, 516 So.2d 944 (Ala.Crim.App.1987) (holding that the record on appeal cannot be supplemented by an appendix to an appellant’s brief). Rather, the record contains only a scant case action summary of Bishop’s current Rule 32 petition.
“The appellate court may, on motion of a party or on its own initiative, order that a supplemental or corrected record be certified and transmitted to the appellate court if necessary to correct an omission or misstatement. ...” Rule 10(g), Ala. R.App. P. Therefore, because the circuit court did not make any specific findings of fact when it dismissed this petition, we remand this cause for the circuit court to clarify the record in order so that we may review on appeal Bishop’s claims and the “amendment” to the plea. We direct that the circuit court supply this Court with a complete record, including the case action *94 summary reflecting the denial of Bishop’s youthful offender status before his guilty plea and the charge to which Bishop pleaded guilty on January 29, 2001. We also direct the circuit court to indicate whether its “amendment” to the guilty plea corrected a clerical error or a substantive error in its original sentencing order. Due return shall be made to this court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and SHAW and WISE, JJ., concur.
BASCHAB, J., concurs in the result.

. Entries on the case action summary dated August 10, 2001, state, “See .00 for Order Denying Petition,” and “Order Attached on Page 2." Bishop filed his notice of appeal on August 22, 2001. However, no order was included in the record on appeal. On October 25, 2001, while Bishop’s appeal on the dismissal of this petition was pending, the circuit court supplemented the record with an order dismissing Bishop's petition dated October 19, 2001.